MonelI, J.
At the date of the conveyance from Whit-comb to Williams, Whitcomb was confessedly the owner of five-twelfths of the copartnership property and effects of the firm of Treadwell, Whitcomb & Co. This property consisted of the lease of the St. Nicholas Hotel, furniture and good will, and also of certain real estate, which during the partnership had been purchased, with partnership funds, for partnership uses and purposes, and was occupied and used in conjunction with their leasehold property for their hotel and partnership business. I have no difficulty in finding that this real estate, so purchased with partnership funds, and for partnership purposes, became and was partnership property, and is therefore subjected to all the rules governing partnership property of a personal nature, except those of transmission and descent. I am not prepared to say that the circumstance of its having been purchased for partnership purposes and with partnership funds necessarily converts it into personal estate. The law on that subject is unsettled, and I believe I am safe in declaring, that in this State the Courts with much uniformity have always held such property to be real and not personal estate. (Buchan v. Sumner, 2 Barb. Ch., 165.) It is not necessary, however, to consider that question here. It is quite immaterial whether it be real or personal estate. It is enough that it is partnership property, and that Whit-comb’s interest has been conveyed to his individual creditor.
There is no allegation in the complaint, nor was there any proof before me, that the firm are insolvent. On the contrary, I think the proof shows that they are not insolvent. Mr. Treadwell himself testified that the firm could pay their debts, and he rejected any idea that they were or could be supposed to be insolvent.
The defendant Williams was a creditor of Whitcomb, to the amount of $15,000, which formed a part of the consideration of the deed. There was evidence that Williams, at the time of the conveyance, paid Whitcomb the further sum of $20,000, making a total consideration of $35,000. There was therefore sufficient consideration to uphold the *651 conveyance, as between the parties to it, and if Whitcomb had the right to convey, Williams gets a good title.
Under this state of facts the plaintiffs seek to set aside the deed, upon the sole ground, that, the premises conveyed being partnership property, Whitcomb could not convey his interest without the consent of the other members of the firm.
The creditors of the firm are not actors in their own behalf, seeking to compel a devotion of the copartnership property to the payment of the partnership debts; but a member of the firm, upon the allegation that there were creditors, and that the property conveyed was needed to furnish security for loans required by the firm in carrying on its business, seeks to compel a cancelment of a deed by his copartners as interfering with the successful prosecution of their joint business.
The law is well settled that partnership property must be applied to the payment of partnership debts, (Wilson v. Robertson, 21 N. Y. R., 587,) and neither can one, nor all the members of a firm, by any other disposition of their joint property, deprive their creditors of this right. Hence, one partner cannot pledge or convey the partnership property as security for his individual debt, so as to defeat the partnership creditors of their equitable lien. But in the absence of creditors of the firm interposing to ask the aid of the Court to protect their lien, I do not understand that a member of a firm, as between himself and partners, may not dispose of his interest in the firm’s property, so as to give a good title to the transferee, whether he be his individual creditor or a purchaser for value.
It was in evidence before me that at all times the firm have been heavy borrowers of money, carrying along a floating debt of upwards of $250,000, and needing all their property to furnish security for loans and indorsements. But there was no evidence given or offered, that there were any creditors who were in a position or desired to enforce their equities against this property, or to compel its application to the payment of the partnership debts. *652 Nor do the plaintiffs ask for a dissolution of the copartnership and a winding up of the partnership concerns, nor even for an account by Whitcomb, of the proceeds of the sale and a restoration thereof to the partnership fund. The only allegation upon which the plaintiffs found their claim to the relief sought by their complaint, is, that Whit-comb could not convey, and that Williams took no title. And they assert that, at their suit, the conveyance should be set aside and declared null and void. It may be that if this suit had been instituted by one of the creditors of the firm, who had failed to obtain satisfaction of his debt out of the remaining partnership property, such creditor, upon the allegation and proof of the insolvency of the firm, would be entitled to a judgment avoiding this conveyance, and declaring it to be null. That would be so, upon the principle already stated. But it seems to me that the right of one partner to transfer to a purchaser his interest in the partnership property, does not admit of argument or doubt. If creditors do not object, the purchaser takes a good title, and whatever effect such disposition may have, as working a dissolution of the copartnership, (if such would be the effect, Story on Part., §§ 306, 308,) or otherwise, it does not lie with the other members of the firm to object. I have looked in vain for any case which goes to the length of declaring such a transfer Void at the suit of the remaining partners; but the books are full of cases where such a transaction has been adjudged a fraud upon the rights of creditors, where the creditors themselves have been the actors.
The cases most relied on by the plaintiffs’ counsel, in support of their action, are Dyer v. Clark, (5 Met., 562,) Richardson v. Hastings, (7 Beav., 301,) and Ormsbee v. Davis, (5 R. I., 442.)
In Dyer v. Clark the bill was by the surviving member of a firm against the administrators, widow and minor children of the deceased member. The deceased, in his lifetime, had conveyed his interest in certain real estate of the firm held as partnership property. The bill did not *653 seek to set aside the deed, but to have the proceeds of the sale applied to the payment of the partnership debts. Here was a partnership dissolved by the death of one of its members, and it was properly decided that the survivor, being primarily liable for the' partnership debts, was entitled to the custody of the partnership property and to the proceeds of such as had been disposed of by the deceased member, to enable him to satisfy the claims of creditors. The opinion of the Court contains no dictum, nor is there any principle to be evolved from the case, which sustains the position of the present plaintiffs.
In Richardson v. Hastings, the bill was filed by R. in behalf of himself and other members of a club, against Hastings and Emly, also members, for an account of the proceeds of club property sold by them. The bill also prayed for an account of the other assets of the club, and a dissolution and winding up of the concerns of the club. The bill did not seek to reach the property conveyed, but merely an account of the proceeds. The accounting was ordered, it being a proper case for such a judgment. The master of the rolls goes fúrther than any of the other cases, and asserts it to be a principle of Courts of equity to entertain a bill between partners, to settle a question which may arise between them without winding up the concerns of the partnership.
In Ormsbee v. Davis, the suit was brought by an attaching creditor of the defendants. The defendants’ firm of James W. Davis & Co., composed of J. W. Davis and Thomas M. Hathaway, were indebted to the firm of Watson & Field, who had assigned their property to S. J. Watson, for the benefit of their creditors. Davis, one of the firm of Davis & Co., in the absence and without the consent or concurrence of his copartner, Hathaway, made a general assignment in the name of .the firm, of all their copartnership property to S. J. Watson, for the benefit of the creditors of Davis & Co., giving a preference to the claim of Watson & Co. Subsequently, Davis, in the name of his firm, but again in the absence and without the consent of *654 his partner, executed to Watson an absoMte bill of sale of certain specific property of the firm. The assignment and bill of sale, were attacked by the plaintiff, a creditor of the firm. The Oourt held the assignment made by one partner, without the concurrence of the other, void as to the creditors of the firm. But the bill of sale executed under similar circumstances was upheld. Ames, Oh. J., says:'“The subsequent bill of sale of a portion of the copartnership property to the garnishee, in payment of, or rather, as he explains it, in security for the debt due from the defendants to Watson & Field, which had been assigned to him, seems to have been within the competence of either of the copartners, without the knowledge or assent of the other, and must be held a rightful appropriation of the property embraced in it, so far as needed, to the payment of that debt.”
Applying the principle of these cases to the one now under consideration, we see that they fall far short of establishing the plaintiffs’ right to the relief they demand. They do not ask. a dissolution of the partnership, nor an accounting, by Whitcomb, of the proceeds of the sale to Williams. They do not allege the insolvency of the firm, nor the inability of Whitcomb to respond for Ms share of the copartnership debts. Before it is ascertained that the debts will not all be paid, or that the value of the interest conveyed to Williams is less than the value of Whitcomb’s interest in the remaining property of the firm, after the payment of the firm debts, I am asked to declare the deed to Williams void, and to compel him to convey the property back to Whitcomb, that it may be used, not in payment of firm debts, but as security for the firm’s floating debts. It appears quite clear to me that the plaintiffs are not in a condition to obtain such relief. They have failed, I think, to make out a case authorizing any interference with the conveyance to Williams, which shall deprive him of his right to hold the property.
It was supposed by the plaintiffs’ counsel that the equities and rights of creditors might be worked out through *655 the partners; and such, undoubtedly, is the text of the elementary writers. But I apprehend that such rights and equities must be sought tor by the creditors themselves, working them out through the equities of the partners, to have the partnership property applied to the payment of the partnership debts. In other words, that the creditors must apply to have the equities of the partners enforced and not the partners themselves. That is what I understand to be the meaning of the elementary writers, that the rights of creditors may be worked out through the partners.
I cannot discover that any fraud is to be imputed to Williams. The evidence has warranted me in finding, as a fact, that he knew that the property was owned by Whit-comb, jointly with the other members of his firm. But as Whitcomb had the right to convey the property, so Williams had the right to receive it; and he cannot be deprived of that right, except, perhaps, at the instance of creditors of the firm. If I am right in my view, that none but creditors can object to the validity of this conveyance, then it is wholly immaterial whether Williams took it with notice that it was partnership property, or whether there was a sufficient consideration to uphold it. As between Whitcomb and Williams, it was effectual to vest the latter with a valid title to all the interest the former had in the property. Had the suit been instituted by creditors of the firm, the l>ona fides of the transaction might have been involved.
But if the views which I have thus briefly stated, of the rights of partners in respect, to their copartnership property, should not be sound, there is another reason why, under the pleadings and proofs in this case, the action cannot be sustained. I think it cannot be questioned that whatever interest in the partnership property may remain to Whitcomb after the payment of the partnership debts, may be transferred by him to his individual creditor. Therefore, until it is shown that the debts exceed the assets of the firm; and that there is need of this property *656 to provide for a deficiency, and to equalize the interests of the other partners in the capital of the firm, this conveyance cannot be disturbed. Ho such state of facts exists. On the contrary, the clear weight of the evidence is, that the firm, except, perhaps, upon a forced sale, can pay its debts and reimburse its members their capital. Ho danger is apprehended, or at least stated, that the creditors will urge their claims to judgment or subject the partnership property to a forced and sacrificing sale; and until the happening of such an event, the plaintiffs have no cause of complaint.
For all these reasons I am satisfied that the plaintiffs possess no equities which would authorize or justify the Court in interfering in their behalf.
The defendants must have judgment, dismissing the complaint, with costs.