### A. H. KING CO. v. SEED et al.

(City Court of Brooklyn, General Term.  November 27, 1893.)

REPLEVIN—ORDER BRINGING IN THIRD PARTY—WHEN AUTHORIZED.

Code Civil Proc. § 452, which provides that "the court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in,"—even if it applies to a law action, does not authorize an order in an action of replevin, on the application of plaintiff, making a third person, who claims an interest in the property replevied, a party defendant, since a complete determination of the controversy between plaintiff and defendant could be had without the presence of such third person, and without affecting his rights.

Appeal from trial term.

Action of replevin by the A. H. King Company against one Luengene and Richard Roe to recover possession of certain personal property, in which an order was entered, on the application of plaintiffs, making John H. Seed a party defendant, on the ground that he claimed an interest in the property in dispute.  From an order denying a motion by Seed to vacate the order making him a party, he appeals.  Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Barnum & Rebhann, for appellant.

McGuire & Low, for respondent.

VAN WYCK, J.  This is an action of replevin commenced by plaintiff against the defendants Luengene and Richard Roe, to recover possession of certain furniture which plaintiff alleges he is the absolute owner of, and which is in the possession of Luengene, who refuses to return it to plaintiff.  There is no claim that Richard Roe was intended to represent any one in the matter whose name was unknown, or who had any interest in the litigation.  The plaintiff, by virtue of sections 1694–1699 of the Code of Civil Procedure,

required the sheriff to replevy the furniture; giving the undertaking according to section 1699 for the return of the property to defendants Luengene and Roe if possession thereof is adjudged to them, or if the action abates or is discontinued, and for the payment of damages awarded to them. The sheriff took possession of the furniture, and thereafter one John H. Seed, not a party to the action, made the usual claim upon the sheriff for the property, according to the provisions of section 1709, who refused to deliver up the same to either Seed or the plaintiff, and Seed then commenced an action against the sheriff therefor. Thereafter, the plaintiff applied for and secured an order ex parte, making Seed a party defendant, on the ground that he claimed some interest in the property. The amended and supplemental complaint is the usual one in replevin against defendant Luengene, the allegations of which have no reference to Seed, except that the fourth clause alleges "that the defendant John H. Seed claims some interest in the foregoing goods and chattels." Seed moved to vacate the order making him a party, and from the order denying the same this appeal is taken. Before Seed was so made a party defendant, this was an action at law to determine the alleged controversy as to whether the plaintiff was entitled to possession of the property as against Luengene. If section 452 of the Code of Civil Procedure[1] only applies to those actions which were formerly known to the pleader as suits in equity, it will not help the defendant in his contention. But, even if it does apply to actions at law, the first clause thereof does not authorize the order making Seed defendant, for a complete determination of the controversy between plaintiff and defendant Luengene could have been had without the presence of Seed, or affecting his rights. The second clause thereof would not authorize the plaintiff to make the application, but it is a provision for the express purpose, only, of enabling the person not a party to make it. These views seem to be fully sustained by Chapman v. Forbes, 123 N. Y. 532, (see pages 538–540,) 26 N. E. Rep. 3, (see pages 5, 6.) We think the order making Seed a party ought to be reversed, with $10 costs and disbursements to be taxed, and motion granted, with $10 costs.