(8 App. Div. 585)

HEFFERN v. HUNT.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1896.)

1. NECESSARY PARTIES—ACTION FOR TORT.
  Code Civ. Proc. § 452, which provides that, where a complete determination of a controversy cannot be had without the presence of other parties, the court must direct them to be brought in, does not authorize the court, in an action for personal injuries, to bring in a new defendant at the instance of plaintiff.

2. SAME—DISCRETIONARY POWER OF COURT.
  Code Civ. Proc. § 723, which authorizes the court, in furtherance of justice, to add or strike out the name of a party, does not authorize the court, at the instance of plaintiff, to bring in a new defendant in an action for a tort, but such section must be construed in connection with sections 447 and 452, applicable only to equitable actions, authorizing the court to bring in new parties defendant on plaintiff's motion, in order that a complete determination of the controversy may be had. Follett, J., dissenting.

3. APPEAL—PARTY INTERESTED IN ORDER.
  A sole defendant, in an action for personal injuries, has such interest in an order bringing in a new defendant and directing service of a supplemental complaint as entitles him to appeal.

Appeal from special term, Erie county.

Action by James Heffern against Garret Hunt to recover damages for personal injuries. From an order granting leave to plaintiff to issue a supplemental summons on one John F. Little, to make him a co-defendant, and serve a supplemental complaint on Garret Hunt, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Moses Shire and Glenn S. Warner, for appellant.
King & Morgan, for respondent.

WARD, J. The plaintiff, Heffern, brings this action to recover damages against the defendant Garret Hunt for an injury alleged to have occurred to the plaintiff on the 11th of March, 1894, through the wrongful act and neglect of the said defendant in leaving a hole not properly guarded in the sidewalk on a public street in the city of Lockport, opposite to the defendant's premises, on Lock street, in said city. The defendant Hunt answered, putting in issue the claim of the plaintiff; and subsequently the plaintiff's attorney discovered that at the time of the plaintiff's injury the premises were leased to Little, and he was in possession of the premises, and the plaintiff moved at special term to have Little brought in and made a party defendant, and that a supplemental summons and complaint be issued for that purpose, which were attached to the motion papers. The supplemental complaint charged that, prior to

the time when Little went into possession of the premises as a tenant, the sidewalk in front of the store, being constructed of stone flagging, became fractured for about two feet square, causing the same to sink and depress into the cellar or excavation beneath, and to be unsafe, which the defendant Hunt negligently permitted, and that thereafter, when Little went into possession of the premises, he carelessly and negligently placed a piece of board, of about five feet in length and twelve inches in width, over the said hole, and negligently caused the same to be insecurely fastened, leaving the same in such a condition that it tipped, twisted, and changed position when pedestrians stepped upon it; that the plaintiff afterwards, after dark, ignorant of such defect in the sidewalk, while passing along it, caught his foot in the board, and the same, tipping, tripped the plaintiff, and caused him to be thrown with violence on the sidewalk, whereby he was injured, etc. The special term directed, by its order, that Little be brought into the case as a defendant, and that supplemental summons be served upon him, and a supplemental complaint upon the defendant Hunt, from which order the defendant Hunt appealed. The respondent seeks to sustain this order under section 452 of the Code of Civil Procedure, which is as follows:

"The court may determine the controversy, as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. And where a person, not a party to the action, has an interest in the subject thereof, or in real property, the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

The following section (453) directs that when a new defendant is brought in, and the order is not made upon his own application, a supplemental summons must be issued, etc., for that purpose. Section 452 provides for a relief similar to that authorized by section 122 of the Code of Procedure. Under that Code, and under our present one, the courts have held that the provision permitting or requiring the court to have parties brought in, in order that a complete determination of the controversy might be had, applied only to equitable actions. The other provision of section 452 of the new Code, permitting a person not a party, that had an interest in the subject-matter of the action, to come in upon his own application, applies to all kinds of actions,—whether legal or equitable. McMahon v. Allen, 12 How. Prac. 39, affirmed in 2 Abb. Prac. 89; Webster v. Bond, 9 Hun, 437; Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Rosenberg v. Salomon, 144 N. Y. 93, 38 N. E. 982; Baylie, Trial Prac. 268, 269, and cases cited, and Hornby v. Gordon, 9 Bosw. 656, and A. H. King Co. v. Seed (City Ct. Brook.) 25 N. Y. Supp. 1115, hereafter cited. This is purely a legal action,— an action to recover damages for a tort,—whether that tort springs out of negligence, or of a nuisance. In such actions the plaintiff, in the first instance, in case of more than one person engaged in a common tort, can sue one or all of the parties offending, in one action. The plaintiff in this case chose to sue Hunt alone, and

he now seeks the aid of the court to bring in Little, who he now alleges was also liable for the same tort that Hunt committed. We are not referred to any case, nor has considerable research enabled us to discover any case, where the court has permitted a plaintiff to bring in a party defendant, in an action of tort, where he has omitted to include him in the action as first instituted, by means of supplemental process; or by amendment of the original process and complaint. At common law, new defendants could not be added by way of amendment, unless by express consent of the parties. 1 Enc. Pl. & Prac. p. 542, note 1; Commission Co. v. Russ, 8 Cow. 122. In Hornby v. Gordon, 9 Bosw. 656, Judge Monell reaches the conclusion that under section 122 of the old Code, in an action by a vendor of goods to recover possession of them on the ground of fraud on the part of the purchaser, third persons claiming under the purchaser by virtue of a contract with him, and in hostility to each other, could not be granted leave to come in as parties, and that, under the practice as it prevailed before the Code, the courts possessed no power, in actions at law, either to bring in parties necessary to a complete determination of the controversy, or to allow substitution of defendants, except in the single action of ejectment; that power, in equity actions, resided in the court of chancery. In Chapman v. Forbes (decided, under our present Code, in December, 1890) supra, it was held that the plaintiff in an action at law which seeks nothing but a money judgment cannot be compelled to bring in other parties than those he has chosen to make defendants. The motion to compel the plaintiff to bring in, in this case, was made by the defendant, and the ground of this decision was that in such a case the sections 447 and 452 of the Code did not apply. In Rosenberg v. Salomon, supra, it was held that where a third person, claiming title to property levied upon by a sheriff by virtue of an execution, has brought replevin against the sheriff to recover the property, the judgment debtor has an interest in the subject of the action, and the court has power, under the provisions of the Code (section 452), to grant an order, upon his application, allowing him to come in and defend. This was an application on the part of the defendant himself to come in as a party, and not a proceeding to compel the plaintiff to bring in the defendant, and in that respect distinguishes the case from Chapman v. Forbes, supra. And in A. H. King Co. v. Seed (City Ct. Brook.) 25 N. Y. Supp. 1115, which was an action of replevin, where the plaintiff sought, as in this case, to bring in another party defendant, the general term of the city court of Brooklyn held that an order permitting this to be done was error, as section 452 did not authorize it, and there was no authority for it.

We have reached the conclusion that the order appealed from cannot be sustained under section 452; but the respondent claims that the court had power to grant this order under section 723 of the Code of Civil Procedure, which authorizes the court, in furtherance of justice, to add the name of a party, or strike out the name of a party, or correct a mistake in such name. The language of this section seems to confer a broad grant of power upon the court's

discretion in relation to parties; but this section should be construed in connection with section 452 and section 447, and the power should not be exercised unless the defendant sought to be brought in must be a necessary party, or interested in the event of the action in connection with the original parties to the action. The lessee of the premises where the accident to the plaintiff occurred, whom the order appealed from brings in as a party defendant, is no wise interested in the event of the action between the plaintiff and the defendant Hunt. Little is liable, if at all, for his own wrongful act, as also is Hunt for his own wrongful act. Perfect relief in damages can be obtained from either of these defendants in separate actions, because each is liable, if at all, for the whole damage incurred. The plaintiff does not seek, in his motion, to bring in Little by way of an amendment to his original pleadings, but by supplemental pleadings, upon the idea that sections 452 and 453 applied. If the plaintiff cannot be compelled to bring in a party, in a common-law action, by one of the defendants to that action, why should he have the power to bring in that party upon his own motion? The reason of the exclusion in the one case is as strong as in the other. The Code does not permit it. Granting, however, that the court has the power, under section 723, to grant the order appealed from, under the guise of an amendment of the original summons and complaint, it is a practice that should not be encouraged. While the plaintiff could have originally included in one action both of these defendants, who are jointly and severally liable, if either is liable, he cannot be permitted to proceed to an issue between the original parties in this class of actions, and then bring in other parties, as provided in this order. It is unnecessary that he should do so.

If the accident to the plaintiff were due to the sole negligence of Hunt, or to his negligence in conjunction with Little, he can proceed to judgment against Hunt just as well with Little out of the case as in it; and therefore, in a legal sense, Little has no such interest in the controversy between the plaintiff and Hunt as justifies his intrusion into the case, either on the motion of the plaintiff or of the defendant Hunt, or of Little himself; but it is claimed by the learned counsel for the respondent that the order does not in any manner prejudice the appellant, Hunt, and he should therefore not be heard to complain of it here. The order requires that the supplemental complaint served upon the defendant Hunt, with the moving papers, "be, and the same shall be, the complaint in the action, and the defendant Garret Hunt to have twenty days after the service of this order  *  *  *  in which to answer such supplemental complaint." So that a new complaint is thrust upon Hunt, with a new defendant, and he is compelled to answer that new complaint, or he will be in default. He has, then, such an interest in this order as will permit him to be heard here to overthrow it. Akin v. Railroad Co., 14 How. Prac. 337.

This appeal involves an interesting question of practice and procedure, and we have given it careful consideration, and have reached the conclusion that the order appealed from should be reversed,

with $10 costs and disbursements, and the action shall proceed between the original parties, and upon the original pleadings.

HARDIN, P. J., and ADAMS and GREEN, JJ., concur.

FOLLETT, J. (dissenting). It is conceded that the plaintiff might have joined John F. Little as a defendant with Garret Hunt, who was sued alone. It seems to me that in such a case the court has power, under section 723 of the Code of Civil Procedure, to authorize an additional defendant to be brought into an action at law. What the plaintiff might have properly done in the first instance, in the way of making persons defendant, may be permitted by the court to be done. The joinder of the additional defendant may prevent the necessity of bringing another action. I am unable to see any objection to the order, and think it should be affirmed, with costs.