GEORGE J. SCHUN, Respondent, v. BROOKLYN HEIGHTS RAILROAD COMPANY and THE CITY OF NEW YORK, Defendants.

THE LONG ISLAND RAILROAD COMPANY, Appellant.

*An alleged joint tort feasor made a party to an action already at issue as to two other alleged joint tort feasors.*

The court has power, under section 723 of the Code of Civil Procedure, after an action is at issue as to two joint tort feasors, to grant the plaintiff's motion to make a third joint tort feasor a party defendant, and to allow the plaintiff to serve a supplemental summons and an amended complaint.

APPEAL by The Long Island Railroad Company from so much of an order of the Supreme Court, made at the Kings County Special

Term and entered in the office of the clerk of the county of Kings on the 25th day of November, 1902, as denies the motion of the said company to vacate and set aside an order entered in said clerk's office on the 17th day of September, 1902, bringing in the appellant as a party defendant to this action and allowing the plaintiff to serve a supplemental summons and amended complaint.

*Louis John Caruthers* and *William J. Kelly,* for the appellant.

*Albert A. Wray,* for the respondent.

HOOKER, J.:

This action was originally brought against the Brooklyn Heights Railroad Company and the city of New York. In his amended complaint the plaintiff alleges that on the day he received his injuries the Brooklyn Heights Railroad Company was operating a surface street car line on Flushing avenue in the borough of Brooklyn, and that this line intersected the railroad tracks of the Long Island Railroad Company, the appellant here, as the latter crossed the avenue in question. It is claimed by the plaintiff that while he was traveling along the car tracks of the Brooklyn Heights Railroad Company one of its cars approached him from behind, and in the effort to leave its tracks at their intersection with the tracks of the appellant the wheel of his vehicle became caught in a hole in the pavement of the street between the rails of the track owned and operated by the Brooklyn Heights Railroad Company, and also between the rails of the appellant, whereby he was seriously injured. The plaintiff claims that the depression of the pavement which caught the wheel of the vehicle was within the area which is required by the Railroad Law (Laws of 1890, chap. 565, § 98, as amd. by Laws of 1892, chap. 676) to be kept in repair by the corporation owning and operating the tracks, and that consequently as the hole was in the center of the intersection of the two lines of railroads the two companies are jointly and severally liable; and that inasmuch as the fault was upon the public highway of the borough of Brooklyn, the city was jointly and severally liable with the railroad companies.

After this action had proceeded to issue and had been placed

upon the calendar against the Brooklyn Heights Railroad Company and the city, an application was made *ex parte* by plaintiff for leave to bring in the Long Island Railroad Company as a party defend ant. This motion, was granted, and a supplemental summons and amended complaint was served upon the several parties defendant; subsequently the appellant moved to vacate the order granting leave to the plaintiff to bring it in as a defendant in the action ; the motion was denied except that portion thereof which affected the status of the case on the calendar, and from the order denying the motion to vacate this appeal is taken.

The plaintiff relies upon the authority of section 723 of the Code of Civil Procedure, the material sentences in which are as follows : " The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other pro- ceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mis- take in any other respect, or by inserting an allegation material to the case ;　\*　\*　\*."

This language is broad and quite sufficient to cover this case and to warrant the plaintiff's practice. He is met, however, by the case of *Heffern* v. *Hunt* (8 App. Div. 585), which holds that section 723 of the Code of Civil Procedure applies to cases in which the party sought to be brought in is a necessary party or interested in the event of the action in connection with the original parties thereto, and cannot be invoked by the plaintiff in relation to two or more joint tort feasors. This case was decided in the fourth department, Mr. Justice WARD writing an opinion which did not receive the concurrence of the whole court. The decision in relation to the proper application of section 723 seems to have been overshadowed by the construction there said to have been given by the courts to section 452 of the Code of Civil Procedure. The opinion cited a number of cases to the effect that section 452 of the Code of Civil Procedure and the corresponding section of the former Code of Procedure. (§ 122) were applicable only to equitable actions, and held that inasmuch as section 723 was to much the same effect, it should be construed in connection with section 452.

If the interpretation of *Heffern* v. *Hunt* is to obtain, section 723

must be deprived of much of its force.   We think that Mr. Justice FOLLETT, in his dissenting opinion, has stated the law as it should prevail under this section.   It is quite broad enough to cover the relief asked for by the plaintiff, and it is doubtless in furtherance of justice that the claims against all the defendants should be tried out in the same action, especially where the plaintiff's evidence in relation to his injuries and the question of his contributory negligence must be the same as against all the defendants.   The policy of the law is against a multiplicity of suits.

Since the decision in *Heffern* v. *Hunt,* the same question seems to have been raised in the Appellate Term, and that case was not followed.   (*Romanoski* v. *Union Railway Co.,* 30 Misc. Rep. 830.) The rule laid down by the Appellate Term is the one which should be held applicable, in this department, to the provisions of that portion of section 723 of the Code of Civil Procedure which we have quoted.

The order appealed from should be affirmed, with costs.

GOODRICH, P. J., WOODWARD and HIRSCHBERG, JJ., concurred; BARTLETT, J., concurred in result.

Order, so far as appealed from, affirmed, with ten dollars costs and disbursements.