GOLDSTEIN v. SHAPIRO et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1903.)

1. REPLEVIN—PARTIES—CLAIMANT OF PROPERTY—APPLICATION TO JOIN.
    Code Civ. Proc. § 452, provides that, where complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in, and that where a person not a party has an interest in the subject thereof, and makes application to the court to be made a party, it must direct him to be brought in by proper amendment. Held, that such section did not justify an order in replevin requiring that a third party claimant should be made a party defendant at the application of the plaintiff.

Appeal from Special Term, Kings County.
Action by Charles Goldstein against Albert Shapiro, impleaded with others. From an order granting a motion to make defendant Shapiro a party defendant by supplementary summons, he appeals. Reversed.
Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Moses Feltenstein, for appellant.
Charles G. F. Wahle, for respondent.

JENKS, J. The plaintiff complains in replevin. After the levy, a stranger filed a third-party claim with the sheriff. Thereupon the plaintiff moved at Special Term for an order to bring in the third party by supplemental summons. The motion was opposed, but the court made the order, and the third party appeals.

I think that the order should be reversed. The first paragraph of section 452 of the Code of Civil Procedure is substantially and almost literally a re-enactment of a part of section 122 of the Code of Procedure. Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982, decides that so much thereof applies only to equitable actions, citing Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. As to the latter part of section 452, additional to section 122 of the Old Code, Chapman v. Forbes, supra, holds: "The person who is not a party to the action, and who has an interest in the subject thereof, must, by the terms of the section, himself make application to be made a party." King Co. v. Seed, 6 Misc. Rep. 4, 25 N. . Supp. 1115, is an authority in point. It is true that the order in the King Co. Case, supra, was obtained ex parte, but the case still presents the feature that the application was made by the plaintiff.

Whether the third party applies or resists defines an important difference. If he chooses to litigate his title in the action, then he takes the disadvantage incident to his choice. But if he is brought in against his will, he is deprived of the benefit of section 1709 of the Code of Civil Procedure. Nor is it an answer that the plaintiff could have made him a party originally, because, if this had been done, the third party would have had the protection of the undertaking, which he now has not, and he could have excepted to the sureties or have reclaimed the property, which he now cannot do. These considerations moved the court in Hochman v. Hauptman, 76 App. Div. 72, 75, 78 N. Y. Supp. 659. On the other hand, I see no cogent reason why this relief should be afforded to the plaintiff. Before the rights of the parties to the suit can be adjudicated, it is not necessary that the rights of the third party be determined, and therefore he is not a necessary party to a complete determination of the issues. See the definition of Woodruff, J., in McMahon's Case, 12 How. Prac. 39, approved in Chapman v. Forbes, supra.

I think that the opinion of this court in Schun v. Brooklyn Heights R. R. Co. et al. (Sup.) 81 N. Y. Supp. 859, does not control the case at bar. Schun's Case arose upon negligence, and the court thought that section 723 of the Code of Civil Procedure, in accordance with the dissenting opinion of Follett, J., in Heffern v. Hunt, 8 App. Div. 585, 591, 40 N. Y. Supp. 914, and a decision of the City Court in Romanoski v. Union Railway Co., 30 Misc. Rep. 830, 61 N. Y. Supp. 1097, was broad enough to warrant the relief afforded. This case arises upon attachment, and section 723 is not of such paramount force in this case as to justify relief pursuant to its provisions, in disregard of the other sections of the Code cited and applied in this opinion.

The order should be reversed, with costs.

Order reversed, with $10 costs and disbursements. All concur.