While there is no direct inquiry calling for a disclosure as to whether or not the applicant has been treated for alcoholism, it was a material fact, which the insured concealed. We think the facts show that he was in fact seriously ill during the treatment, and that his statement that he had never been seriously ill was false. For these reasons, as well as those pointed out with respect to his age. we think the motion for a new trial should have been granted.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur; SMITH, J., in result.

---

(99 App. Div. 106)

### TEN EYCK v. DENISON et al.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. CONVERSION—DEFENSES—TITLE IN THIRD PERSON—PLEADING.
    In an action for conversion, the defendant is entitled to show title in a stranger under a general denial.

2. SAME—PARTIES DEFENDANT—JOINDER.
    Code Civ. Proc. § 452, provides that the court may determine the controversy as between the parties, where it can do so without reference to the rights of others or by saving their rights, but, where a complete determination cannot be had without the presence of other parties, the court must direct them to be brought in. Held, that such section as to bringing in additional parties applies to equitable actions only, and did not authorize the compulsory impleading of a third person, claimed by defendant in conversion to have title to the property.

Appeal from Special Term, Rensselaer County.

Action by William A. Ten Eyck against Idene Dayton Denison, impleaded with another. From an order permitting plaintiff to implead said Denison, and serve him with a supplementary summons and amended complaint, both defendants appeal. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Walter S. Logan, for appellants.
Shaw, Bailey & Murphy, for respondent.

HOUGHTON, J. The plaintiff brought action against defendant Keller for conversion of certain theater chairs. He answered, denying the conversion, and pleading title in one Idene Dayton Denison, his landlord, from whom he had rented the property in dispute. Thereupon the plaintiff moved to make Denison a party defendant, and for leave to serve a supplemental summons and an amended complaint. Such order was made, and both the new and the old defendant appeal.

The order was unauthorized, and must be reversed. The action is purely one at law for a wrong. The complaint does not ask that the title to the property in question shall be determined. It alleges ownership in plaintiff, and wrongful taking and detention by defendant Keller, and demands damages therefor. The defendant's plea of title in another does not change the plaintiff's rights. Under a general denial in such an action the defendant could show title

in a stranger. Siedenbach v. Riley, 111 N. Y. 560, 19 N. E. 275. In an action at law, where a money judgment alone is sought, a plaintiff can neither be compelled nor permitted, under the provisions of section 452 of the Code of Civil Procedure, to bring in other parties than those he chose originally to make defendants. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914. The provisions of that section of the Code as to bringing in additional parties relate only to equitable actions. Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp. 1038; Rosenberg v. Salomon, 144 N. Y. 92, 38 N. E. 982; American Trust & Savings Bank v. Thalheimer, 29 App. Div. 170, 51 N. Y. Supp. 813. The latter part of the section permits a third person having an interest in the subject of the controversy to himself apply to come in and litigate, and, if the court deems it proper for him to do so, neither the plaintiff nor the defendant can prevent his being added as a party defendant. But he cannot be compelled to come in and defend against his will. If the plaintiff in an action at law for the recovery of a money judgment has chosen the wrong defendant, he must withdraw and sue the proper one, for he cannot be permitted to gather in parties at will after he has begun his action.

The order should be reversed, with $10 costs and disbursements. All concur.