(118 App. Div. 810)

### HASKELL v. MORAN.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. PARTIES—AMENDMENT AS TO PARTIES.

In an action on a copartnership contract against an administratrix of a deceased partner, where a demurrer had been interposed because of a defect of parties defendant, the court might, under the express provisions of Code Civ. Proc. § 723, allow an amendment on the application of the plaintiff by bringing in a party who was a member of the firm at the time the obligation was incurred.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, § 76.]

2. APPEAL—REVIEW—DISCRETION OF COURT.

    While the excuse of a plaintiff moving to bring in another party severally liable with the defendant for his failure to join him originally may not be very satisfactory, where neither the defendant nor the new party would be prejudiced by granting the order and the plaintiff might be unable to maintain his action against the original defendant alone, the action of the lower court in accepting the excuse will not be overruled.

Appeal from Special Term.

Action by James R. Haskell against Lena M. Moran, administratrix of John D. Moran, deceased. From an order of the Special Term granting leave to plaintiff to serve an amended summons and a second amended complaint therein, adding the name of Ross F. Robertson as a party defendant, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edwin F. Stern (Francis W. Russell, on the brief), for appellant. Frank L. Crocker, for respondent.

LAUGHLIN, J. This is an action against the administratrix of a deceased member of a copartnership to recover on a contract obligation of the firm. Ross F. Robertson, who under the order appealed from is to be brought in, was a member of the firm at the time the obligation was incurred. The defendant answered, without raising the objection that there was a defect of parties defendant. The plaintiff thereafter moved for leave to serve an amended summons and complaint, making Robertson a party. The motion was denied. It may very well be that it was denied upon the theory that the plaintiff would not be prejudiced by being required to proceed against the party originally sued without joining the other, inasmuch as he was in a position to recover against the estate, owing to the fact that the objection that there was a defect of parties had been waived. The plaintiff thereafter amended the complaint in other respects, and the defendant, by leave of the court, instead of answering as before, demurred upon the ground that Robertson should have been joined. Plaintiff then again moved for leave to bring in Robertson. The motion was granted, but this court reversed the order upon the grounds that the affidavit was made by the attorney without excusing his failure to present the affidavit of his client, and that, inasmuch as the motion was renewed on substantially the same facts, leave of the court should have been obtained; but we permitted plaintiff to apply to the Special Term for leave to renew the former motion. Haskell v. Moran, as Adm'x, etc. (First Department, Jan. 25, 1907) 102 N. Y. Supp. 388. Leave to renew the motion was obtained, and the motion was renewed and granted.

It is urged by the appellant that plaintiff has not yet satisfactorily excused his failure to join Robertson originally. The explanation of this failure is not very satisfactory, and it would not be accepted if either the defendant or Robertson would be prejudiced by granting the order; but since they will not, and the plaintiff may be unable to maintain the action against the administratrix alone, we are not disposed to overrule the Special Term in accepting the excuse as sufficient in the circumstances.

The further point is now urged that the court had no jurisdiction to grant the order. This objection is based upon the theory that in an action at law for a money judgment only, where the plaintiff elects to sue one only of two or more parties liable, either on contract or in tort, the court is without authority to bring in any of the parties jointly liable who were not originally sued. We do not so understand the law, although there are conflicting opinions on the subject. In Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914, it was held in the Fourth Department that neither section 452 nor section 723 of the Code of Civil Procedure confers authority on the court to grant an order, on the application of the plaintiff in an action for negligence, to bring in an additional joint tortfeasor. Follett, J., however, dissented upon the ground that, since they might have been joined originally, section 723 conferred authority upon the court to authorize the amendment. That decision might well have stood upon the ground that, since the issues could be determined upon the merits as between the plaintiff and the tort-feasor whom he had seen fit to sue originally, there was no necessity or propriety of allowing him subsequently to join another or others in the same action, although he might have done so originally. It was, therefore, unnecessary to decide whether or not the court had power to allow the amendment.

It is manifest that, even if the power to authorize bringing in a joint tort-feasor exists, it would not ordinarily be exercised, for the reason that the case could proceed to judgment upon the merits between the original parties, as other joint tort-feasors would not be necessary parties. The Heffern Case was followed by the Appellate Term in Romanoski v. Union Railway Co., 31 Misc. Rep. 763, 64 N. Y. Supp. 1147, reversing the General Term of the City Court (30 Misc. Rep. 830, 61 N. Y. Supp. 1097). And this court recently, in Horan v. Bruning et al, 101 N. Y. Supp. 986, held (two members of the court, however, dissenting) that an additional tort-feaser may not be brought in in an action for negligence against his objection. The Appellate Division in the Second Department in Schun v. Brooklyn Heights Railroad Co., et al, 82 App. Div. 560, 81 N. Y. Supp. 859, held, adopting the dissenting opinion of Follett, J., in Heffern v. Hunt, supra, that in an action for negligence an order may be made bringing in additional joint tortfeasors. In Hochman v. Hauptman, 76 App. Div. 72, 78 N. Y. Supp. 659, this court held that in a replevin action an additional defendant should not be brought in against his will; and in Goldstein v. Shapiro, 85 App. Div. 83, 82 N. Y. Supp. 1038, the Appellate Division in the Second Department held in a replevin action that a third party who asserted title to the property could not be brought in against his objection. But the opinions in those cases are based largely upon the ground that, if a third party were to be brought into a replevin action by amendment, he would lose the benefit of some of the provisions of the Code of Civil Procedure which would have inured to him had he been designated as a defendant originally. In Ten Eyck v. Keller, 99 App. Div. 106, 91 N. Y. Supp. 169, the Appellate Division in the Third Department held in an action for conversion that the court could not on the plaintiff's own motion, under section 452 of the Code of Civil Procedure, bring in a third party in whom defendant alleged title. In Chapman v.

Forbes, 123 N. Y. 532, 26 N. E. 3, it was held that the plaintiff, in an action at law to recover a judgment for money only, could not be compelled to bring in other parties than those he has seen fit to sue.

It will be observed that in all of these cases, where leave to amend was denied, the party sought to be brought in was not a necessary party to the determination of the issues upon the merits between the original parties. The liability of a party sued for negligence, for conversion, or in replevin, is not and cannot be dependent upon whether he has been sued alone or with another party or parties. Where, however, a plaintiff has erroneously sued one or two or more parties liable on contract only jointly, the merits of the action cannot be reached without the presence of the other parties; and consequently it is manifest that authority is conferred by section 723 of the Code of Civil Procedure to bring in the other party or parties jointly liable with the party originally sued. But, as already observed, the exercise of the power by the court will depend upon the excuse presented for not having joined all necessary parties originally. The case of Lewin v. Wright, 31 Hun. 327, is directly in point on the facts here presented, and it was there held, citing N. Y. S. M. Milk Pan Ass'n v. Rem. Agr. Works, 89 N. Y. 22, that in an action on contract, where a demurrer had been interposed, taking the objection that there was a defect of parties defendant, the court was authorized by section 723 of the Code of Civil Procedure to allow an amendment on the application of the plaintiff, by bringing in all necessary parties. It being at least doubtful, as we observed on the former appeal, whether the administratrix of the deceased partner can be held liable on the copartnership obligation without the presence of the other partner, the motion in this case was properly granted.

It follows that the order should be affirmed, with $10 costs and disbursements.

CLARKE, J., concurs. PATTERSON, P. J., and SCOTT, J., concur in result.

INGRAHAM, J. I concur with Mr. Justice LAUGHLIN, except in so far as he intimates that an application of this kind should not be granted unless a failure of the plaintiff to make the parties sought to be joined defendants in the first instance is excused or explained. I think in all these cases a plaintiff, when the case comes up for final disposition, should be allowed to have his pleadings in the condition in which he desires them, and that an application to amend the pleadings or to add additional parties should be granted, unless it appears that in granting the application some party will be deprived of a legal right, or a delay in asking for the amendment will cause an injury to an adverse party. The fact that a plaintiff, by reason of a mistaken understanding of the law or of the facts, or as to the necessity of the presence of one or more persons as parties to the action, has omitted to set out allegations in his complaint, or neglects to make persons parties to the action, should not, as I view it, preclude him from having the mistake corrected by motion, although he knew all the facts when the action was originally instituted. There can be no possible advantage in compelling a plaintiff to discontinue an action and commence a new one, except a mere question of

costs; and the court has power, by awarding costs as a condition of the amendment sought for, to protect any party to the action.

Section 723 of the Code of Civil Procedure, as I view it, expressly gives the court power to amend the summons and complaint by adding additional parties, and while in some cases it may be unjust to allow such an amendment in actions in tort or replevin, or for personal injuries, certainly in an action upon a joint obligation, where the omitted party is necessary to enable the plaintiff to maintain the action, the plaintiff should be allowed to bring in the joint obligor without the necessity of discontinuing and commencing a new action.