[No. 17215.   Department One.   November 21, 1922.]

LADD & TILTON BANK, *Appellant,* v. FRANK ROSENSTEIN, *Respondent.*[1]

PARTIES (42)—BRINGING IN NEW PARTIES—NECESSITY AND GROUNDS —ACTION ON ASSIGNED CLAIMS. In an action upon assigned trade acceptances, alleging the plaintiff to be a *bona fide* holder before maturity, it is error to require the plaintiff to bring in the assignor as a party plaintiff, upon allegations that defendant had a defense and counterclaim against such assignor, to the knowledge of the plaintiff, who was not a *bona fide* holder before maturity; since there can be a complete determination of the matter between plaintiff and defendant without the presence of the assignor, under Rem. Comp. Stat., §§ 267, 271½, 272, making available to plaintiff defenses against the assignor, in suits on assigned claims, if plaintiff is not entitled to recover as a *bona fide* holder before maturity.

Appeal from a judgment of the superior court for Lewis county, Wilson, J., entered December 31, 1921, dismissing an action for failure to bring in new parties. Reversed.

*Hull & Murray,* for appellant.

*C. A. Studebaker,* for respondent.

[1] Reported in 210 Pac. 677.

BRIDGES, J.—The only question in this case is that concerning the bringing in of new parties.

The complaint alleges that, sometime prior to the institution of the suit, R. M. Wade & Company assigned to the plaintiff two written trade acceptances, drawn by it against the defendant and which the defendant had accepted and agreed to pay, and that the acceptances were past due and defendant had refused to pay them, although demand therefor had been made; that Wade & Company had, before maturity and for a valuable consideration, assigned the acceptances to the plaintiff, who was the *bona fide* owner and holder; the prayer was for a money judgment for the amount of the acceptances.

After service of this complaint, together with process, on the respondent, the latter moved the court to require that Wade & Company be made a party plaintiff or defendant, such motion being based on the files in the case, and particularly the affidavit of defendant to the effect that, prior to the issuance of the trade acceptances sued on, he had a written contract with Wade & Company for the purchase by him of certain tractors which were by him to be sold to the retail market; that, by such contract, Wade & Company agreed and guaranteed that such tractors would perform the services expected of them and that they were of good material and workmanship and that the Wade Company would replace defective parts. The affidavit further stated that Wade & Company had breached their contract in that they had failed and refused to furnish parts as demanded, and in that the tractors were not as represented, and that they would not perform the work for which they were built and which it was guaranteed they would perform, and that, as a result. of such things, the defendant had been damaged in a sum in excess of plaintiff's demands.

This affidavit further alleged that the plaintiff was not a *bona fide* holder of the trade acceptances, had not paid value therefor, had received the trade acceptances with full knowledge that they had been given in payment of the tractors, and that they would not perform the work for which they were built and were not of good material and workmanship, and with full knowledge that Wade & Company had breached their contract with the plaintiff. Upon this showing the court made an order requiring the plaintiff to bring Wade & Company into the case as a party thereto. Later the plaintiff made a showing that it had not and could not bring Wade & Company into the case, and asked for an annulment of the previous order. After further affidavits were presented, the court made another order giving the plaintiff ten days within which to comply with the previous order. Subsequently the court made a judgment dismissing the action because the extra party was not brought in, and plaintiff has appealed.

We think the court erred both in making its order requiring the appellant to bring in Wade & Company and in making its judgment dismissing the action. The respondent seems to base its rights on § 196, Rem. Comp. Stat., which provides:

"The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court shall cause them to be brought in."

This provision of the statute is inapplicable to the situation as it appears here because Wade & Company was not a necessary party, and because the court could make a complete determination of the controversy between the appellant and respondent without the presence of other parties. If the appellant is a *bona*

*fide* holder for value and before maturity of the trade acceptances, it is entitled to recover regardless of any rights which respondent may have against Wade & Company. If, on the contrary, it is not such *bona fide* holder for value· and before maturity, and took with notice of respondent's rights against Wade & Company, then respondent in this action would have a right to defeat appellant's right of recovery to the amount of such acceptances. This right is expressly given by §§ 267, 271½ and § 272, Rem. Comp. Stat. If, under these circumstances, respondent's right of recovery against Wade & Company be not exhausted as an offset in this action, he would have the right in a new and independent action against Wade & Company to recover any balance to which he may be entitled. *State ex rel. Alaska Pacific Navigation Co. v. Superior Court,* 113 Wash. 439, 194 Pac. 412; *Ten Eyck v. Denison,* 99 App. Div. 106, 91 N. Y. Supp. 169; *Goodrich v. Williamson,* 10 Okl. 617, 63 Pac. 974; *Clay County Land Co. v. Alcox,* 88 Minn. 4, 92 N. W. 464; *Bankers' Nat. Bank v. Security Trust Co.,* 19 S. D. 418, 103 N. W. 654.

The *Alaska Pacific Navigation Company* case, *supra,* is determinative of this case. The facts there were these: The Standard Gas Engine company, a corporation of California, sold to the navigation company certain machinery and transferred its account to one Peterson, who instituted suit against the navigation company. The latter, by its answer, asserted a claim of damages against the gas engine company for breach of the latter's contract with it concerning such machinery, and plead that Peterson, the plaintiff, held the claim only for the purpose of collection, and asked that the gas engine company be brought into the case. In a very complete opinion we held that it was not

error for the court to refuse so to do, for the identical reasons we have heretofore given.

Respondent greatly relies on the case of *State ex rel. Adjustment Co. v. Superior Court,* 67 Wash. 355, 121 Pac. 847. This court in the *Alaska Pacific Navigation Company* case, *supra,* showed the distinction between the two cases, saying:

"But in the *Adjustment Company* case, *supra,* the defendant interposed an equitable defense, while the defendant here is asking the court to compel the entrance of the real plaintiff in interest, for the purpose of interposing a purely legal counterclaim. In the adjustment company case, this equitable defense was that the property for which the assignee plaintiff was seeking recovery consisted of patented articles, and that the defendant should not be compelled to pay for these unless plaintiff's assignor was compelled, under the terms of his contract, to deliver them, for the reason that they could not be obtained from any one but the plaintiff's assignor. It is apparent, therefore, that this equitable defense to which the defendant was entitled in the adjustment company case could not be enforced against the assignee plaintiff, for the reason that it could not thus have the specific performance, by the assignor of his contract, upon which the assignee plaintiff was suing."

The defense in the *Adjustment Company* case, *supra,* was one in equity, while both here and in the *Alaska Pacific Navigation Company* case, *supra,* the defense was purely one at law.

The judgment is reversed, and the cause remanded with directions to the trial court to set aside its judgment dismissing the appellant's action, and to set aside its order requiring the appellant to bring Wade & Company into the case, and to enter an order denying the application of the respondent to require that Wade & Company be brought into the action.

Parker, C. J., Mackintosh, Holcomb, and Mitchell, JJ., concur.