The Town of Hancock, Appellant, *v.* The First National Bank of Oxford, Impleaded, etc., Respondent.

The provision of the Code of Civil Procedure (§ 451), authorizing a plaintiff, who is ignorant of the name of a defendant, to designate him in the summons by a fictitious name, implies an action commenced, and a defendant sued, or intended to be sued, whose name is unknown ; it does not permit the use of such a name applicable to no particular individual, but adopted as an expedient to cover the name of a person whose name is known, who is not sued or intended to be sued at the outset, and thus permit him to be brought in, in case plaintiff discovers, at some later period, that he should have been made a defendant.

*It seems*, that the remedy in such a case is by application to amend the summons, and bring in the newly-discovered party.

In an action brought to test the validity of certain town bonds, and to restrain their transfer pending the litigation, the Bank of O. was made a defendant. Fictitious names were used to designate defendants whose names were unknown. Upon an affidavit averring that V. W., the president of said bank, had testified that he at one time owned $30,000 of said bonds and had disposed of them, and that S., the cashier of said bank, had had the custody of many bonds and knew their owners, an order was obtained for their examination before trial. No official action on the part of the bank was averred, and it was not named either in the affidavit or order as one of the parties to be examined. Neither V. W. nor S., was named as a defendant. *Held*, that the order was properly vacated ; that there was no right to examine the officers as such and by virtue of their

Statement of case.

relation to the bank ; that it could not be claimed that they were sued by the fictitious names, or that they were expected to be adverse parties (Code, § 870); and that they could not be examined as witnesses, as no case was made for their examination as such.   (§§ 872, subd. 5, 882.)

(Submitted June 19, 1883 ; decided June 26, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made at the September term, 1882, which affirmed an order of the county judge of Chenango county denying an application of the plaintiff for the examination before trial of John R. Van Wagenen and J. Fred. Sands, and vacating an order theretofore granted directing their examination.

This action was brought to test the validity of certain town bonds purporting to have been issued by plaintiff.   The complaint asked to have them adjudged invalid, and that the holders be compelled to deliver them up for cancellation, also for a preliminary injunction restraining the transfer of the bonds pending the litigation.

Van Wagenen and Sands were not made defendants.   The First National Bank of Oxford was a defendant.   The summons contained fictitious names alleged to represent defendants whose names were unknown.

The affidavit upon which the order for examination was granted, after alleging that Van Wagenen was president and Sands cashier of said bank, contained this averment.   " That in an action now pending   *   *   *   the said Van Wagenen testified that he had at one time owned $30,000 of said bonds and had disposed of them, and it appeared in evidence that previous to the commencement of said action   *   *   *   said cashier, J. Fred. Sands, had had the custody of many bonds and coupons, and knew their owners."

*Wm. & J. B. Gleason* for appellant.   Under the new Code, the original order of examination was a matter of absolute right.   (Code of Pro., §§ 390–397 ; 2 R. S. 391, §§ 1, 2, 3, 33, 34 ; *Glenny* v. *Stedwell*, 64 N. Y. 120 ; *Heison* v. *Knickerbocker Ins. Co.*, 77 id. 278 ; *Webster* v. *Stockwell*, 3

A. N. C. 115 ; *Ludewig* v. *Pariser*, 4 id. 246 ; id. 241 ; S. 873 ; *Fullerton* v. *Gaylord*, 7 Robt. 551, head-note 7 ; *Vickor* v. *Greenleaf*, 30 How. 61 ; *Duffy* v. *Lynch*, 36 id. 509 ; *Glenny* v. *Stedwell*, 64 N. Y. 120 ; *Harrold* v. *R. R. Co.*, 21 Hun, 268 ; *McGriffin* v. *Densmore*, id. 241 ; *Hynes* v. *McDermott*, 55 How. 259 ; *Webster* v. *Stockwell*, 3 A. N. C. 115 ; *Kanter* v. *Moscoweity*, D. Reg., Jan. 23, 1880 ; *Thomson* v. *Scott*, id. ; *Abt* v. *Mayor*, id., Nov. 27, 1880 ; *Green* v. *Wood*, 6 Abb. 277 ; *Cook* v. *Bidwell*, 29 How. 483 ; *Fullerton* v. *Gaylord*, 7 Robt. 551 ; *Taggard* v. *Gardner*, 2 Sandf. 667 ; *Brett* v. *Buckman*, 32 Barb. 655 ; *Patin* v. *Thackstone*, 2 Sandf. 667.) . The town could bring this action and join as defendants each separate bond-holder. (*Town of Springport Case*, 75 N. Y. 397 ; 84 id. 403 ; *Town of Venice Case*, 65 Barb. 597 ; *N. Y. & N. H. R. R.* v. *Schuyler*, 17 N. Y. 592 ; *Cogwin* v. *Town of Hancock*, 84 id. 532 ; *Bergen* v. *Wyckoff*, id. 659 ; *Pindar* v. *Black*, 4 How. 95.)

*James W. Glover* for respondents. The proceeding to obtain an order for an examination is exclusively a statutory one, in derogation of the common law, and the statute must be strictly followed. (*Appleton* v. *Appleton*, 50 Barb. 486 ; *Greene* v. *Herder*, 30 How. 210 ; *Glenny* v. *Stedwell*, 64 N. Y. 128 ; *Beach* v. *The Mayor, etc.*, 4 Abb. N. C. 236 ; *Levy* v. *Loab*, 5 id. 157.) If the plaintiff " sought " to examine the bank, the papers should have so stated. (*Sheldon* v. *Hoy*, 11 How. 11 ; *White* v. *Miles*, id. 36 ; *Scranton* v. *F. & M. B'k of Troy*, 33 Barb. 527 ; *Sharp* v. *Hutchinson*, 4 Weekly Dig. 87.) All that is disclosed does not state any special circumstances, making proper the examination of Van Wagenen and Sands before trial. (*Beach* v. *Mayor*, 4 Abb. N. C. 236 ; Code of Civil Procedure, § 872, subd. 5.) An order made in an action by a judge out of court, without notice, may be vacated or modified, without notice, by the judge who made it. (Code of Civil Procedure, § 772 ; *Peck* v. *York*, 41 Barb. 548 ; *Cayuga B'k* v. *Warfield*, 13 How. 439 ; *Levy* v. *Loeb*, 5 Abb. N. C. 157 ; *Nat. Gas L. Co.* v. *O'Brien*, 38

How. 272; *Bruce* v. *D. & H. C. Co.*, 8 id. 440.) If the affidavit on which an order has been obtained is shown to be deficient in any necessary particular, the order may be vacated. (*Levy* v. *Loeb*, 5 Abb. N. C. 167.)

Finch, J. The order of the county judge vacating so much of the original order as directed the examination of Van Wagenen and Sands was properly affirmed by the General Term.

The Bank of Oxford, of which these persons were officers, was a party defendant, but no order for its examination was asked for or made. No desire to examine that corporation was expressed, and no facts stated which rendered it necessary. Those which were stated related to the individual action of Van Wagenen and Sands, and not at all to the corporate action of the bank. The allegations were that Van Wagenen had testified that he at one time owned $30,000 of the bonds of the town of Hancock, and had disposed of them, and that Sands had had the custody of many bonds and coupons, and knew their owners. No official action in behalf of the bank is averred, and the corporation is not named either in the affidavit or order as one of the parties to be examined.

There was thus no right to examine the officers as such and by virtue of their relation to the bank; and we must, therefore, inquire whether it existed against them as individuals. They were not made parties to the action. They could not be sued by fictitious names, since their true names and identity were known. Whether the plaintiff should sue them or not was a question for the plaintiff to determine, but if it did sue them they were not unknown and could not be sued by a false name known to be false. The provision of the Code (§ 451) implies an action already commenced and a defendant sued and intended to be sued, but identified and described by circumstances or a description, instead of by his name, which happens to be unknown. It does not permit the use of a fictitious name, applicable to no specific individual, but adopted as an expedient to cover the name of a person not sued, not in-

tended to be sued, and whom the plaintiff only purposes to make a defendant if he discovers at some later period that he ought to do so.   The remedy for such an emergency is by an application to amend the summons and bring in the newly-discovered party.   The section referred to applies to a case where a cause of action is known to exist against one whose name only is unknown, and not where a cause of action is not known to exist against a person whose name and identity are known.   It is clear, therefore, that Van Wagenen and Sands were not parties to a pending action, and could not be examined as such.

Neither can it be said that they were expected to be parties to an action about to be brought.   The action was already pending.   No other or future action is intimated or suggested. Relief is sought, solely and alone, in respect to the one already brought.   And besides, the affidavit does not show that the witnesses, Van Wagenen and Sands, were " expected to be the adverse parties."   In truth it shows the contrary.   It states that one had disposed of his bonds, and the other " had had " the custody of some.   And they were sought to be examined not as bondholders and, therefore, defendants, but merely as witnesses, through whose knowledge and revelations actual bond-holders might be discovered.   There was thus no right to examine them as parties to a pending suit, nor as expected parties to one contemplated to be brought.

It follows that they must be treated merely as witnesses. No case was made for their examination as such.   Under section 872, subdivision 5, and section 882, it is apparent that the testimony of one not a party, and connected with the action only as a witness, is taken solely to preserve the evidence for the trial as against the sickness or absence of the witness. The application should show that the witness is about to depart from the State; or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial; or that some " other special circumstances " exist requiring his examination in advance.   These " other " circumstances evidently mean such as will make the presence and

evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes as bearing upon the probability of his future attendance. No such case was presented here, and it follows that the order for the examination of Van Wagenen and Sands was properly vacated.

The order of the General Term should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.