J. WALLACE MacWHINNIE, Respondent, *v.* WILLIAM T. CAMERON, Appellant.

<div style="float:right;">57h    463<br>76 AD¹ 74</div>

*Assignment of a judgment — is subject to the costs, awarded against the assignor, of supplementary proceedings instituted thereon — Code of Civil Procedure, sec. 779.*

An assignee of a judgment takes the assignment thereof subject to the equities existing between the original parties, and where costs have been awarded to the judgment-debtor in supplementary proceeding instituted upon such judgment, he is entitled to have the same paid before any execution can issue thereon.

*Quære,* whether, under section 779 of the Code of Civil Procedure, providing for a stay of proceedings until the payment of costs, an execution issued upon a judgment under such circumstances should be set aside until said costs are paid, or whether it is sufficient that said costs be credited to the debtor in reduction of the amount due upon the judgment and the execution issued thereunder?

Appeal by the defendant William T. Cameron from an order made at a Special Term of the Supreme Court, and entered in the office of the clerk of the county of New York on the 15th day of April, 1890, denying the defendant's motion to set aside an execution issued in the above-entitled action.

The judgment herein was duly entered and docketed in New York county on February 20, 1880, and in Queens county on the 21st of

February, 1880. Execution was thereupon duly issued by plaintiff to the sheriffs of Queens and New York counties on the 24th day of February and the 17th day of April, 1880, respectively, and both executions were thereafter duly returned unsatisfied.

In September, 1880, proceedings supplementary to execution were instituted by plaintiff and no property of the defendant was discovered; thereafter, and in May, 1882, proceedings supplementary were again taken by plaintiff, but no property was discovered. Defendant then offered to have his mother transfer a bond and mortgage to the plaintiff's attorney in settlement of the judgment, but the offer was not accepted by plaintiff or her attorney, nor was it ever carried out by defendant, and the judgment has never been paid. Subsequently, and in 1885, MacWhinnie, the judgment-creditor, died, leaving a last will and testament, which was admitted to probate and recorded in Oxford county, Ontario, Canada, and Annie Mac-Whinnie was appointed and qualified as sole executrix thereof, and letters testamentary were duly issued to her thereon.

In November, 1889, proceedings supplementary to execution were taken by said Annie MacWhinnie, as executrix, and the proceedings were dismissed, without costs, and with leave to renew on fuller papers.

In January, 1890, proceedings supplementary were again taken by said executrix, and on motion of defendant said proceedings were again dismissed, with ten dollars costs to defendant. Afterwards, and in January, 1890, the judgment was duly assigned by said Annie MacWhinnie, as executrix as aforesaid, to Michael A. Gearon, who thereupon became, and now is, the sole and absolute owner of the judgment.

On February 15, 1890, the said assignment to Gearon, duly authenticated, was filed in the office of the clerk of the city and county of New York, and a certificate of said clerk to that effect was, on the 16th day of February, 1890, filed in the office of the clerk of Queens county, where the judgment was docketed as aforesaid.

Thereafter, and on said 16th day of February, 1890, Gearon, the assignee, issued execution to the sheriff of Queens county directing him to levy upon and sell certain real estate in that county belonging to the defendant and judgment-debtor Cameron, which the

sheriff proceeded to do, and advertised the sale of said property for April 5, 1890.

The defendant thereupon moved to vacate and set aside the execution, and to enjoin the Queens county sheriff from enforcing the execution of the judgment. The motion was denied, with ten dollars costs of motion to the assignee, and defendant appeals.

*Alexander Cameron,* for the appellant.

*S. W. Bower,* for the respondent.

BRADY, J.:

The motion to vacate the execution rests upon the provisions of section 779 of the Code, which declares that where the costs of a motion are directed to be paid, all proceedings on the part of the person required to pay them, except to review or vacate the order, are stayed without further direction of the court until the payment thereof. The costs awarded the defendant had not been paid when the execution was issued herein on behalf of the assignee, and the defendant insists that it could not, therefore, be properly issued. The answer made to *this* proposition is, that the payment of costs was not obligatory upon the assignee, inasmuch as they were not given against him, and he was not ordered to deduct them from the judgment. This answer availeth not. The assignee took the assignment subject to the equities existing between the original parties. He stands, therefore, in the same position as the assignor. The rule is well settled. (*Bush* v. *Lathrop,* 22 N. Y., 535 ; *Young* v. *Guy,* 12 Hun, 325.) He might, perhaps, have proceeded with the execution had he deducted the costs due to the defendant from the amount of the judgment, or credited the amount of them upon the execution, but he did neither. He treated the obligation to pay them inferentially imposed by section 779, as if he owed the defendant no duty in that respect, and, as we have seen, did this intentionally on the assumption that the order to pay costs in no way affected him. Not having deducted them from the amount of the judgment, he issued an execution for a sum not due, and in excess of what was due, just the amount of them. The statute is, however, imperative, and cannot be wholly disregarded as it was here.

The order appealed from should, therefore, be reversed, with ten dollars costs and the disbursements of this appeal.

Daniels, J., concurred.

Van Brunt, P. J. :

. I concur in the result. I do not concur in the view that the assignee was not compelled to pay these costs as a condition precedent to proceeding, but might have credited them upon the judgment; the Code requires payment, and giving a credit is not payment.

Order reversed, with ten dollars costs and the disbursements of this appeal.