### MURRAY v. CAMERON.

(*Supreme Court, General Term, Fifth Department.* June, 1891.)

COSTS—REMEDIES—STAY OF PROCEEDINGS.

> Where an execution obtained by the assignee of a judgment was set aside on the ground that the costs of supplementary proceedings instituted by the original judgment creditor were never paid, and thereafter such assignee assigned the judgment to plaintiff, an action thereon by plaintiff as second assignee was open to the same objection, and liable to be defeated under Code Civil Proc. N. Y. § 779, which provides that "where costs of motion, or any other sum of money directed by an order to be paid, are not paid, * * * all proceedings on the part of the party required to pay the same are stayed without further order of the court until payment thereof."

Appeal from circuit court, Erie county.

Action by Charles S. Murray against William T. Cameron. From a judgment for defendant, plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*A. Gearon*, for appellant. *A. Cameron*, for respondent.

DWIGHT, P. J. This action was commenced in October, 1890, on a judgment recovered by one McWhinney against the defendant in the county of New York, in July, 1880, by default. The judgment was first assigned to the attorney for the plaintiff in that action, who is also the attorney for the plaintiff in this action, and afterwards by him to the plaintiff. In January, 1890, proceedings supplementary to execution on the judgment were instituted by the executrix of the original judgment creditor, which proceedings were, on motion of the defendant, set aside by order of the special term in New York, with $10 costs to the defendant, which were never paid. Subsequent to the assignment of the judgment to the attorney, Gearon, he issued an execution to Queens county, where the judgment had been docketed, and that execution was, on appeal to the general term in the first department, set aside, with $10 costs and the disbursements of the appeal, on the ground that all proceedings on the judgment were stayed by failure of the former owner of the judgment to pay the costs awarded to the defendant in the proceedings supplementary to execution.

The costs and disbursements awarded against the first assignee of the judgment by the order of the general term were never paid. Thereafter the second assignment was made to the plaintiff herein, and he commenced this action, by the same attorney, on the judgment. We think the stay operated to prevent the prosecution of the action by the second assignee of the judgment, as it did to prevent the prosecution of the proceedings by execution, taken by the first assignee. Both were proceedings to enforce the same judgment, though not proceedings in the same action. But the statute which gives the stay does not confine it to proceedings in the same action. Code Civil Proc. § 779. The language of the provision is: "Where costs of a motion, or any other sum of money directed by an order to be paid, are not paid, * * * all proceedings on the part of the party required to pay the same are stayed without further order of the court until the payment thereof." And we follow the decision of the court in the first department in holding that the assignee of the judgment took it subject to all the disabilities which affected his assignor. *MacWhinnie* v. *Cameron*, 11 N. Y. Supp. 20, and the cases cited. To hold that the stay did not apply to an action on the judgment would be to permit an easy evasion of the statute and a defeat of the remedy given thereby. Order affirmed, with $10 costs and disbursements.