### GARDENIER *v.* ELDRED.

(*Supreme Court, General Term, Fourth Department.* September, 1891.)

1. COSTS—STAY OF APPEAL FOR NON-PAYMENT.

Where, after a complaint is dismissed, and plaintiff's motion to set aside the taxation of costs and the judgment is denied, with $10 costs to defendant, the cause of action is assigned, and the assignee substituted as plaintiff, the assignee, until payment of such costs, is stayed from appealing from the judgment, under Code Civil Proc. N. Y. § 779, providing that all proceedings on the part of the party required to pay motion costs, except to review or vacate the order, are stayed, without further direction of the court, until the payment thereof, and a notice of appeal served by him on defendant before such payment will be set aside.

2. SAME.

In such case a notice of appeal from an order setting aside a service on defendant of the case and exceptions is improperly set aside, since the propriety of such ruling is involved in the appeal from the order, which is to review an act since the award of the motion costs.

Appeal from special term, Oswego county.

Action begun by Lovinia Downs against Hiram Eldred. After the complaint had been dismissed, and costs of a subsequent motion awarded defendant, the cause of action was assigned to Wilson H. Gardenier, who was afterwards substituted as plaintiff. Without paying the costs of the motion, plaintiff served a notice of appeal from the judgment on defendant, and afterwards served on him the case and exceptions. The latter service was set aside, and plaintiff served on defendant a notice of appeal from the order. Defendant moves to set aside the services of both notices of appeal. Motion to set aside service of notice of appeal from the judgment granted, but motion to set aside service of the notice of appeal from the order setting aside service of the case and exceptions denied.

Argued before HARDIN, P. J., and MERWIN and WILLIAMS, JJ.
*W. H. Gardenier,* for plaintiff.    *D. P. Morehouse,* for defendant.

MERWIN, J.    This action was commenced in February, 1889, in the name of Lovinia Downs, as plaintiff, by Mr. Gardenier, the present plaintiff, as her attorney.    Issue was joined in the action, and a trial was had, and on the 31st July, 1889, a judgment was entered dismissing the complaint, with costs.    Thereafter, at special term, the plaintiff in the action made a motion to set aside the taxation of costs and the judgment.    This motion was denied, with $10 costs to the defendant, and an order to that effect, dated August 31, 1889, was duly entered September 3, 1889, and on the same day duly served on the plaintiff's attorney.    Prior to the 14th February, 1891, Mr. Gardenier, the attorney, became the owner of the cause of action, and at the date named he obtained at special term an order substituting him as plaintiff in the action.    This order was duly entered and served on defendant's attorney.    On the 13th May, 1891, Gardenier, as plaintiff by substitution, served on defendant's attorney a notice of appeal from the judgment, and on the 14th May, 1891, a proposed case and exceptions.    Both of these were returned by the defendant's attorney to the plaintiff, on the ground that the plaintiff was under a stay by reason of the non-payment of the costs awarded by the order of August 31, 1889.    On the 2d June, 1891, the defendant moved at special term for an order vacating the service of the case and exceptions on the ground stated.    This motion was granted, the order being entered June 4, 1891; and on the 9th July the plaintiff appealed from this order to the general term.    The costs awarded by the order of August 31, 1889, have never been paid.    It appears that the time to appeal from the judgment has not been limited, as provided by section 1341 of the Code.    The plaintiff was in no better position as to the stay than his assignor.    *MacWhinnie* v. *Cameron,* (Sup.) 11 N. Y. Supp. 20.    In that case judgment had been rendered against the defendant, and supplementary proceedings instituted, but no property discovered.    On the death of the judgment creditor supplementary proceedings were again instituted and dismissed, with costs to the defendant.    The executrix then assigned the judgment, and the assignee issued execution against certain real estate of defendant.    It was held that section 779 of the Code applied, and that the assignee was compelled to pay the costs awarded to defendant, as a condition precedent to issuing the subsequent execution.    In *Murray* v. *Cameron,* (Sup.) 15 N. Y. Supp. 13, which was an action upon the same judgment by a subsequent assignee, the same rule was applied, and the stay held to be effectual against the action brought by the second assignee.    The provision of section 779 is that "all proceedings on the part of the party required to pay them, except to review or vacate the order, are stayed, without further direction of the court, until the payment thereof."    We think that the plaintiff, when he served the notice of appeal from the judgment, was bound by the stay, and had no right to serve the notice.    For that reason the service should be set aside and the appeal dismissed.

The order appealed from enforced the same rule as to the service of the case and exceptions.    The propriety of such enforcement is involved in the appeal from the order.    In such appeal the act of the defendant, since the stay order was made, is sought to be reviewed.    We think the plaintiff should have opportunity to defend himself against such act.

Motion to vacate the service of the notice of the appeal from the judgment, and dismiss such appeal, granted.    Motion to vacate the service of the notice of appeal from the order, and dismiss such appeal, denied.    All concur.