(57 App. Div. 381.)

### TYRREL v. SEAMEN'S BANK FOR SAVINGS.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

BANKS AND BANKING—WRITS—PARTIES—FICTITIOUS NAME.

Under Code, § 451, authorizing a plaintiff who is ignorant of the name of a defendant to designate him in the summons by a fictitious name, a bank, on being sued by an assignee of deposits left with it, could not ask that the original depositor or his representatives be made parties, the whereabouts of such depositor being unknown, since the statute implies the existence of a definite defendant of unknown name, sued or about

to be sued, and both the depositor and his representatives could not at the same time be claimants.

Appeal from special term, New York county.

Action by Daniel Tyrrel against the Seamen's Bank for Savings. From an order allowing defendant to bring in additional defendants, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Theodore Prince, for appellant.

W. W. Thompson, for respondent.

PER CURIAM. There does not seem to be any authority for the order appealed from. If John Sweeney is a claimant of the fund in the hands of the savings bank, certainly his widow, next of kin, executors, administrators, or assigns, if any, cannot be such claimants, and section 451 of the Code was not intended to permit the making of persons parties who under no circumstances could have any claim or interest in the action. The case of Town of Hancock v. First Nat. Bank, 93 N. Y. 82, expressly holds that this provision of the Code, authorizing a plaintiff who is ignorant of the name of a defendant to designate him in the summons by a fictitious name, implies an action commenced, and a defendant sued, or intended to be sued, whose name is unknown. Therefore, if John Sweeney is a claimant, his personal representatives would not be proper parties to the action; and, if John Sweeney is dead, then he would not be a proper party to the action, but his personal representatives would. Under the rule laid down in the case cited, there must be some definite allegation of claim which has its foundation in common sense, at least, in order to permit a person to be made a party by a fictitious name, under the section in question.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, upon payment of such costs and disbursements, to apply upon new papers, if the defendant shall be so advised, to bring in parties claimant.