(76 App. Div. 72.)

## HOCHMAN v. HAUPTMAN et al.

(Supreme Court, Appellate Division, First Department. November 14, 1902.)

1. COSTS OF MOTION—FAILURE TO PAY.

Plaintiff's motion to amend the title of the action by inserting the name of a designated person as defendant, instead of that of John Doe, was denied, with $10 costs. Without paying such costs, he procured an ex parte order directing that a supplementary summons should issue, making the designated person a party defendant, and striking out the name of John Doe. *Held*, that under Code Civ. Proc. § 779, declaring that, when costs of a motion are directed to be paid, further proceedings on the part of the person required to pay them, except to review or vacate the order, are stayed until the payment thereof, plaintiff had no right to the order for a supplementary summons without first paying the costs of the former motion.

2. REPLEVIN—PARTIES DEFENDANT.

A plaintiff in replevin, to recover property by virtue of a chattel mortgage executed by defendant, is not entitled to an order for a supplementary summons making a third person, who claims to have purchased the property of defendant without notice of the mortgage, a party defendant against his will; such third person not being a necessary party to the determination of the controversy between plaintiff and defendant.

3. SAME—SUBSTITUTION OF PARTIES.

A plaintiff in replevin against a designated defendant and John Doe, to recover property by virtue of a mortgage executed by the designated defendant, is not entitled after executing the customary undertaking, to an order for a supplementary summons making a third person, who claims the property, a party defendant in the place of John Doe, when plaintiff at the commencement of the action knew of the third person's claim, as his rights would not be protected by the bond if he were brought in at that stage of the action.

Appeal from special term, New York county.

Action by Abraham Hochman against Hyman Hauptman and John Doe. From an order directing that a supplementary summons issue, making Abraham Barasch a party defendant, and striking out the name of John Doe as a party defendant, and from an order denying a motion to vacate said order, Abraham Barasch appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Joseph Gans, for appellant.
A. B. Schleimer, for respondent.

LAUGHLIN, J. The action is in replevin to recover "three machine presses, types, and all the appurtenances," to which the plaintiff claims to be entitled by virtue of two chattel mortgages thereon given by the defendant Hyman Hauptman, who was the owner thereof at the time; default having been made in the payment of the indebtedness to secure which the mortgages were given. The plaintiff does not show when the mortgages were given, or that they have been kept alive by refiling. The appellant claims to have purchased this property of the defendant Hauptman without notice or knowledge of the existence of the mortgages, and that he subsequently formed a part-

¶ 1. See Costs, vol. 13, Cent. Dig. § 1045.

nership with Hauptman's son in the printing business. At this time the appellant was an infant. After the partnership continued for a time, he was informed by his partner that the latter had mortgaged the property to his father, the defendant Hauptman; and thereupon the appellant, on the ground of his infancy, rescinded the partnership, and brought an action in the municipal court against his partner and the latter's father to recover the property in question. On the trial of that action on the 8th day of May, 1901, the plaintiff in this action was a witness for the defendants, and testified concerning his claim of interest in the property under his mortgage; and the defendants were represented by the attorney who appears in this action for the plaintiff. That action resulted in a judgment in favor of the plaintiff therein for the possession of the property, and possession was delivered to him thereunder. He subsequently stored it in the printing establishment of one Sam Kest, at No. 140 Attorney street, in this city. Pending an appeal from that judgment which was taken by the defendants, this action was brought, and Hyman Hauptman and John Doe were made sole defendants. The plaintiff gave the usual undertaking, and caused a writ of replevin to be issued, under which the sheriff seized the property. The appellant Barasch thereupon filed a claim with the sheriff as third party claimant, and the sheriff demanded an indemnity bond of the plaintiff. The attorney for the plaintiff then obtained an order requiring the appellant to show cause why the title of the action should not be amended by inserting his name, instead of that of John Doe. On the return of the order, the motion was denied, with $10 costs, on the ground, as stated in the papers, that John Doe was not described "as being fictitious." These costs have not been paid, and the appellant objected to the hearing of the motion on which the order appealed from was granted, on the ground of their nonpayment. That objection was well taken, and should have been sustained. Code Civ. Proc. § 779; MacWhinnie v. Cameron (Sup.) 11 N. Y. Supp. 20. The plaintiff then, without notice to the appellant, obtained ex parte the order of June 4th, from which the appeal is taken. On June 6, 1901, on account of this order, the sheriff refused to deliver the property to the appellant. The appellant then moved, on notice, to vacate the order, but his motion was denied, with $10 costs.

Aside from the plaintiff's proceeding being stayed for nonpayment of the motion costs, the motion should have been denied upon the merits. This is an action at law. The appellant was not a necessary party to the determination of any controversy between the plaintiff and the defendant Hauptman or John Doe with reference to their title to the property, and he should not be brought in against his will at this stage of the action. From the denial of the plaintiff's motion to substitute the appellant for John Doe, it must be assumed that the court found that it was not the plaintiff's intention to sue the appellant under the name John Doe. It is evident that both the plaintiff and his attorney were aware of the appellant's claim to this property at the time the action was brought. If the name John Doe sufficiently indicated that he was a fictitious person, and it appeared that the plaintiff thereby intended to sue the appellant, but did not know his real

name, the court had power to substitute the true name of the appellant for that of John Doe, "in pursuance of justice." Code Civ. Proc. §§ 451, 723; Town of Hancock v. First Nat. Bank, 93 N. Y. 82. But upon the papers before us, it is inconceivable that this could have been shown to the satisfaction of any court. If the plaintiff desired to litigate the appellant's claim to the property, he should have been made a party defendant originally. If the appellant had been joined originally, he would have been protected by the undertaking, and he could have excepted to the sureties, or have reclaimed the property. Code Civ. Proc. §§ 703, 704. It is not clear that the appellant's rights could be fully protected if he were now brought in as a party defendant.

For these reasons, also, the order appealed from should be reversed, with $10 costs and disbursements, and the appellant's motion to vacate the ex parte order directing the issue of a supplementary summons should be granted, with $10 costs. All concur.