ALBANY BRASS & IRON CO. v. ALTON.

(Supreme Court, Appellate Term.  June 22, 1903.)

.1. APPEAL—APPEALABLE ORDERS.
An appeal lies from an order of reference, and from an order denying a motion to vacate the order.

2. SAME—DISMISSAL OF APPEAL—MOTIONS—DEFECTIVE NOTICE.
A notice of motion to dismiss an appeal which fails to specify the grounds on which it is made is defective.

3. SAME—COSTS—FAILURE TO PAY—STAY OF PROCEEDINGS.
Under Code Civ. Proc. § 779, providing that all proceedings by the party required to pay costs, except a review to vacate the order, are stayed, without further direction of the court, until payment, a defendant cannot have an order vacating an order of reference when in default in the payment of costs that he has been directed to pay by previous orders.

Appeal from City Court of New York.

Action by the Albany Brass & Iron Company against Edmund Alton.  From an order denying a motion to vacate an order of reference, and the order directing the reference, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Robert L. Stanton, for appellant.
Louis H. Porter, for respondent.

PER CURIAM.  This action came on for trial, and, after it had proceeded for some time, the court, of its own motion, ordered a reference.  The plaintiff assented, but the defendant opposed the order, and took an appeal therefrom.  Subsequently the defendant made a motion to vacate the order of reference.  This motion was denied. It is from the order entered on the denial of the last-named motion that this appeal is taken.  An appeal also was taken by the defendant from the order directing a reference.

An appeal from an order, and a motion to set it aside, seem to be concurrent remedies that may be presented at the same time.  1 Abbott's New Practice, p. 116.  The motion to vacate the order of reference was made before the judge who made the order, and an appeal undoubtedly lies from the order denying the motion to vacate the order of reference.

A motion was made by the plaintiff at this term of the court to dismiss the appeal from the said order of reference, and we decided to consider the motion in connection with the appeal now before us. The notice of motion is defective in failing to specify the grounds upon which the motion is made.  There are other irregularities, fatal to the success of the motion, we need not take time to discuss, since the motion must be denied upon the ground already stated.  See decision of motion indorsed on motion papers.

It clearly appears from the record that, at the time the defendant made the motion to vacate the order of reference, he was in default in

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 735.

the payment of costs he had been directed to pay by previous orders in the action, duly made and entered by the court. The order of February 26, 1903, contains the following provision, viz.:

"Further ordered, that the defendant be, and he hereby is, stayed from taking any further proceedings in this action until the repayment of the said sum of $34.13 to the plaintiff's attorney."

It is not an answer to say that this stay was inoperative for the reason that the order directed restitution, and could only be enforced by execution, and therefore the court had no power to make the order. Such, however, is the contention of the defendant's counsel. We express no opinion on the soundness of this proposition. It is sufficient to say that the order stood as a mandate of the court, and could not be disregarded. It was the privilege of defendant to appeal from the order, but he could not ignore it.

No satisfactory explanation is given as to the nonpayment of the costs. Where not expressly stayed by the order until motion costs are paid, the provisions of section 779, Code, operates as a stay. Section 779 says:

"All proceedings on the part of the party required to pay the same, except a review to vacate the order, are stayed without further direction of the court until payment thereof."

This rule has been frequently applied. See Hochman v. Hauptman et al., 76 App. Div. 72, 78 N. Y. Supp. 659. Many citations might be given in support of the same.

For the reasons above stated, the defendant was not in a position to make the motion, and the motion was properly denied.

Order appealed from should be affirmed, with $10 costs and disbursements to the respondent.