(42 Misc. Rep. 52.)

W. P. DAVIS MACH. CO. v. ROBINSON et al.

(Supreme Court, Special Term, Monroe County.  December, 1903.)

1. DEPOSITION—AFFIDAVIT.
    Code Civ. Proc. § 872, subd. 5, and Id. § 882, provide that the testimony
    of a witness not a party to an action can be taken only to preserve such
    evidence to be used on the trial in case of the sickness or absence of
    such witness, and an affidavit for that purpose should show that the wit-
    ness is about to depart from the state, or is so sick as to afford reason-
    able ground to believe that he will not be able to attend the trial.

Action by the W. P. Davis Machine Company against Harry Rob-
inson and others.  Motion to vacate order for the examination of
William C. Mount as witness before the trial.  Order vacated.
    See 84 N. Y. Supp. 837.
    Wile & Oviatt, for plaintiff.
    Arthur Warren, for defendants.

DAVY, J.  This a motion to vacate an order granted by this court
for the examination of William C. Mount as a witness before the trial
of this action on the ground that the affidavit upon which the order
was obtained does not comply with the requirements of the statute.
The action is brought for the purpose of restraining the defendant, its
agents, officers, servants, and attorneys, from certain specific acts
which are enumerated in the complaint.  The affidavit upon which
the order for examination was made states in substance:  That the
testimony of William C. Mount is material and necessary for the
reason that the defendant is a labor union, which has members num-
bering largely in excess of 100, and that said labor union at one of
its regular meetings voted that the employés of plaintiff should strike
unless the plaintiff signed the agreement which is set forth in the
complaint.  That thereafter and continuously at each of the meetings
of said labor union the question of the strike at plaintiff's shop was
taken up in the meetings, and various discussions followed, and vari-
ous resolutions were adopted with reference to the progress of the
strike and with reference to directions to officers and committees of
the defendant union as to how to conduct the said strike, and various
committees and agents were appointed for the purpose of carrying
out such resolutions.  That such meetings of the defendant union
were secret in their nature, no one but members of the said union
being permitted to participate at such meetings, and all of the mem-
bers thereof being bound by oath that they will not divulge any of
the proceedings.  That William C. Mount stationed pickets through-
out the said strike in front of plaintiff's factory, and that he is ac-
quainted with the said pickets, and knows their names, and it is ma-
terial and necessary that the plaintiff should know the names of such
pickets, and whether any or all of them were members of said union.
The plaintiff is at the present time and will be unable to know such
matters except through said William C. Mount, and it is necessary

¶ 1. See Depositions, vol. 16, Cent. Dig. § 51.

that plaintiff should know such matters previous to the trial of this action, in order that he may properly prepare such evidence as he may be able to collect from an examination of said Mount. That it is also material and necessary that the plaintiff should be prepared, before the trial of this action, to know where to obtain the evidence of such action taken by said union at such meetings, and should know who to subpœna for the purpose of testifying to such facts, and should be able to prove the proceedings of such meetings in order to substantiate the allegations contained in the complaint.

The real question upon this motion is whether the plaintiff, upon his affidavit, is entitled to examine Mount as a witness before the trial. The right of the plaintiff to such an examination is strictly statutory. Independent of the statute there is no such right. The court has no inherent or common-law power to order the examination. It becomes important, therefore, to determine what power the court has under the statute to order the examination of a witness before trial. The Code of Civil Procedure (sections 870–873) points out how the examination is to be procured, and that mode must be followed, and where it is not done no order to examine a witness can be upheld. The plaintiff does not state in his affidavit that William C. Mount is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial; neither does he state that his testimony is necessary to be used on the trial. It is evident from an inspection of subdivision 5 of section 872 and section 882 of the Code that the testimony of a witness not a party to the action can be taken only to preserve the evidence to be used upon the trial in case of sickness or absence of the witness. The affidavit should show that the witness is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that some other special circumstances exist requiring his examination in advance. The "other circumstances" evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain as bearing upon the probability of his future attendance. Town of Hancock v. First Nat. Bank, 93 N. Y. 82. But this subdivision does not apply to a case where the person to be examined is a party to the action. He is exempt from the restrictions of that subdivision requiring him to state in his affidavit that the party is sick or infirm, and that he will not be able to attend the trial; and, if he complies with the other requirements of the statute, he is entitled to an order permitting him to take such deposition.

In Herbage v. City of Utica, 109 N. Y. 82, 16 N. E. 63, it was held "that a party litigant may, in the discretion of the judge to whom application is made under the provisions of sections 870, 872, 873 of the Code of Civil Procedure, have a general examination of his adversary as a witness in the cause, as well before as at the trial, and that it is not, as of course, to be limited to an affirmative cause of action, or an affirmative defense set forth in favor of the party desiring that examination."

In Town of Hancock v. First Nat. Bank, supra, Judge Finch, in discussing the right of parties to examine a witness under section 872, subd. 5, says:

"It is apparent that the testimony of one not a party, and connected with the action only as a witness, is taken solely to preserve the evidence for the trial as against the sickness or absence of the witness. The application should show that the witness is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that some 'other special circumstances' exist requiring his examination in advance. These 'other' circumstances evidently mean such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his personal condition and purposes as bearing upon the probability of his future attendance."

No such case is presented by the affidavits of the plaintiff in this case. The object of the plaintiff, as disclosed by the affidavit, is to procure the testimony of Mount to enable him to prepare for the trial of the action. While some cases have been cited where these orders have been granted, yet it is contrary to the weight of authorities. The plain spirit and intention of the Code is to allow the deposition to be taken only where the testimony is material and necessary for the party to be used on the trial of the action. The case of Town of Hancock v. First Nat. Bank, supra, sustains this contention, and the rule is supported by adjudicated cases all over the state.

It was held in Chapin v. Thompson, 16 Hun, 55, that:

"The Code contemplates an examination to be used as a deposition on the trial. The application must show such a purpose, and if it fails to show that, but, on the contrary, an intent to force the adversary to give such information as might be necessary to enable the party seeking it to hunt up witnesses to be used against him, the application should be denied or set aside as improvidently granted."

I am of the opinion that the affidavit is not sufficient to authorize the plaintiff to examine the witness Mount. The order, therefore, for his examination, is vacated, and set aside, with $10 costs, without prejudice, however, to the plaintiff to apply for another order upon new and sufficient affidavits to examine either said Mount or the defendant Harry Robinson as a witness.

Ordered accordingly.