## FRANK v. GRUBER.

(Supreme Court, Special Term, New York County. December 23, 1914.)

1. DEPOSITIONS (§ 12*)—EXAMINATION OF WITNESS BEFORE TRIAL—AFFIDAVIT.
    Under Code Civ. Proc. § 872, subd. 5, providing that a witness may be examined before trial, where he is about to depart from the state, or is so sick or infirm as to afford reasonable ground for belief that he will not be able to attend the trial, or any other special circumstances exist ren-dering it proper that he should be examined, an affidavit alleging that the proposed witness resided in an adjoining state, and had no place of business within the state of the forum, warrants his examination before trial, as it shows that the witness' attendance probably could not be pro-cured.

    [Ed. Note.—For other cases, see Depositions, Cent. Dig. § 27; Dec. Dig. § 12.*]

2. DEPOSITIONS (§ 36*)—TAKING OF DEPOSITION—AFFIDAVIT.
    In view of Code Civ. Proc. § 768, conferring power upon the court to permit the supplying of insufficiencies in papers upon which an order has been entered, an affidavit upon which an order for the examination of a

witness before trial had been granted may be amended to cure its failure to state defendant's residence, as required by section 872, subd. 1.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 47–51; Dec. Dig. § 36.*]

Action by Adam Frank against Herbert B. Gruber. On motion to vacate an order for examination of a witness before trial. Motion granted, unless plaintiff correct a defect in his affidavit.

See, also, 149 N. Y. Supp. 1082.

Olcott, Gruber, Bonynge & McManus, of New York City (Walter E. Ernst, of New York City, of counsel), for the motion.

Adam Frank, of New York City (Samuel N. Caplow, of counsel), opposed.

GIEGERICH, J. [1] The defendant moves to vacate an order for the examination of a witness before trial. One ground on which the application to vacate is based is that the affidavit on which the order for examination was obtained fails to comply with the requirements of section 872, subd. 5, of the Code of Civil Procedure, which requirements are that such affidavit must show that the person to be examined is about to depart from the state, or that he is so sick or infirm as to afford reasonable ground to believe that he will not be able to attend the trial, or that any other special circumstances exist which render it proper that he should be examined before trial. In the present case the affidavit on which the order for examination was obtained states that the witness sought to be examined resides at Passaic, N. J., and has no place of business or residence in this state. In Hancock v. First Nat. Bank, 93 N. Y. 82, the Court of Appeals said that the words "other circumstances," as used in the statute above referred to, evidently meant such as would make the presence and evidence of the witness at the trial doubtful or uncertain. It seems to me quite plain without argument that the facts set forth in the affidavit and above referred to show that the presence and evidence of the witness at the trial are doubtful and uncertain. If the witness should happen to come within this jurisdiction when the time comes for subpœnaing witnesses, and the plaintiff should succeed in finding him, then his attendance as a witness could be enforced, but otherwise not. Such a double contingency seems to abundantly justify a designation of doubtful and uncertain.

[2] The defendant also attacks the order on the ground that the affidavit on which it was based fails to state the residences of all the parties, as required by subdivision 1 of section 872; such failure consisting in the omission of the residence of the defendant himself. This objection, coming from the source it does, is manifestly one of form rather than substance; but, since there is a failure to comply with the statutory requirement, I must grant the motion to vacate unless, within five days after the publication of this memorandum, the plaintiff pays the defendant $1 costs and supplies the defect by furnishing an affidavit stating the residence of the defendant, or showing that the plaintiff has been unable to learn such residence. Unless these conditions are complied with, the motion to vacate will be granted, with $10 costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A number of authorities are cited by the defendant to the effect that the omission of the address of one of the parties is fatal to an application for examination before trial; but none of those are cases like the present, where a party objected to a failure to state his own address, and, besides, they were decided before the amendment to section 768 of the Code of Civil Procedure, which expressly confers power upon the court to permit the supplying of insufficiencies in papers upon which an order has been entered.