GUSTAVE SCHLOPER, Plaintiff, *v.* "LOUIS" ABRAMOWITZ and Others, Defendants.

City Court of New York, Bronx County, November 5, 1936.

*Jesse Luxenberg*, for the plaintiff.

*Daniel Mungall*, for the defendants.

SCHACKNO, J. Plaintiff seeks to examine before trial a person who is not a party to the action. The right to examine a witness before trial, and the right to examine a party before trial, depend upon entirely different grounds. An examination before trial of a witness is not granted with the same freedom as the examination of a party. To justify taking the deposition of a person not a party to the action who is not about to depart from the State, is not without the State, does not reside more than one hundred miles from the place of trial and is not so sick or infirm as to afford reasonable ground of belief that he will not be able to attend a trial, it must be made to appear that " other special circumstances " render it proper that his deposition should be taken. (Civ. Prac. Act, § 288.) The term " other special circumstances " has been held to refer ordinarily to circumstances such as will make the presence and evidence of the witness at the trial doubtful and uncertain, and relate to his or her personal condition and purpose as bearing upon the probability of his future attendance at the trial. (*Town of Hancock* v. *First National Bank*, 93 N. Y. 82, 86.) Such circumstance is not presented here. It is contended that the fact that the

attorney for the defendant arranged for a dental examination of the plaintiff by the person whom plaintiff seeks to examine before trial is a special circumstance; I hold otherwise; in my opinion it is a very ordinary circumstance. The further contention that the witness proposed to be examined before trial may be hostile or unwilling, is not sufficient ground for granting this motion, as it is not suggested that there is anything in his relations with defendants which would induce him to swear falsely as a witness. Motion denied.