(72 App. Div. 5.)

### SULLIVAN v. CROWE et al.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

PARTIES—JOINDER OF DEFENDANTS—SALE BY AGENT—CONVERSION—FRAUDU-
LENT REPRESENTATIONS.

Under Code Civ. Proc. § 820, which provides that a defendant against
whom an action to recover upon a contract is pending may, within the
discretion of the court, have joined as codefendant another who makes
a demand against him for the same debt or property, and thereupon
the entire controversy may be determined in the one action, a broker
who is sued for the purchase price of a saloon, which he has sold
on commission, cannot have joined as codefendant the vendee, who re-
pudiates the sale on account of the fraudulent representations of the
broker, not authorized by the vendor, as to the value of the business,
and who demands the return of the purchase price, as the right of the
two parties to recover from the broker does not depend upon the same
state of facts, and he may be liable to both.

Appeal from special term.

Action by Owen T. Sullivan against James J. Crowe and another.
From the denial of motion for a joinder of a third person as de-
fendant, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON,.
INGRAHAM, and LAUGHLIN, JJ.

Jacob H. Shaffer, for appellants.
Albert H. Phillips, for respondent.

INGRAHAM, J. This action was brought to recover the pur-
chase money paid to the defendants, who were brokers, as the pur-
chase price of a saloon of the plaintiff's, located at No. 7 Pine street,
in the city of New York. The complaint alleges that the plaintiff
employed the defendants, as brokers, to sell this saloon; that there-
after, on February 19, 1902, under such employment, they sold the
saloon to John C. Krull for $3,000; that the said sum was paid to
defendants by Krull; and that the defendants have paid the plaintiff
$500 on account of such purchase money; and plaintiff demands
judgment for $2,500, the balance thereof. The defendants made a
motion to make the purchaser, John C. Krull, a defendant in the
action, upon an affidavit of one of the defendants that Krull agreed
to purchase this saloon on the 18th day of February, paying there-
for on that day the sum of $500 on account of the purchase money,
and on February 20th the balance of the purchase money; the bill

of sale to be delivered on the 24th of February, 1902. On the 21st of February, 1902, the defendants were served with a paper purporting to come from Krull, by which he demanded the repayment of the purchase money, and notified the defendants not to pay the same, or any part thereof, to any one, except to him; and on the same day the defendants were served with a letter from the plaintiff's attorney, directing him to retain the money, and pay the same over to no person except the plaintiff. On the 26th of February, 1892, this action was commenced. On the 27th of February, 1902, the defendants were served with a summons in an action in this couit in which Krull was plaintiff, but no complaint was served therewith.

The situation, therefore, seems to be that the defendants are the holders of this sum of $2,500, as a part of the consideration paid by Krull for the purchase of this saloon (having received $3,100, $500 of which had been paid to the plaintiff, and $100 of which was paid to the defendants by Krull as their commissions); that Krull has repudiated the purchase, and demands the repayment of the $3,100 to him; and that the plaintiff demands the payment of the amount paid by Krull to the defendants. The defendants claim that they are entitled to $1,000 of this money received from Krull, as their commissions, which the plaintiff promised to pay in case he sold the saloon for $3,000. There is no allegation by Krull that the plaintiff personally made any representations to him, nor do the defendants allege that the representations that they made as to the business of the saloon were authorized by the plaintiff. It may be that the defendants would be liable to both Krull and the plaintiff. Krull claims in his affidavit that his action against the defendants is for the conversion of his (Krull's) money that he has paid to the defendants. This, I presume, upon the theory that, the money having been paid by the plaintiff to the defendants upon their fraudulent misrepresentations as to the business of the saloon, he was entitled to repudiate the purchase, and thereupon the money in the defendants' hands belonged to him, and, upon a failure to return it to him upon demand, the defendants converted the money to their own use, and thus are liable to him, irrespective of any obligation that they may have to the plaintiff. Whether or not he could succeed in that action is not for us now to determine. The question is whether or not the defendants are entitled to have Krull made a party to this action, under section 820 of the Code of Civil Procedure. Section 820 of the Code is as follows:

"A defendant against whom an action to recover upon a contract, * * * is pending may, at any time before answer, upon proof, by affidavit, that a person not a party to the action, makes a demand against him for the same debt or property, without collusion with him, apply to the court, upon notice to that person and the adverse party, for an order to substitute that person in his place, and to discharge him from liability to either, on his paying into court the amount of the debt, or delivering the possession of the property, or its value, to such person as the court directs; or upon it appearing that the defendant disputes, in whole or in part, the liability as asserted against him by different claimants, or that he has some interest in the subject-matter of the controversy which he desires to assert, his application may be for an order joining the other claimant or claimants as co-defendants with him in

the action. The court may, in its discretion, make such order, upon such terms as the costs and payments into· court of the amount of the debt, or part thereof, or delivery of the possession of the property, or its value or part thereof, as may be just, and thereupon the entire controversy may be determined in the action."

It is under this latter clause of the section that the defendants claim the right to have Krull made a party defendant. Whether or not such an application would be granted is in the discretion of the court, and we think it should only be granted where the question to be determined is as to the right of the rival claimants to money or property in the hands of the defendant, and not in a case where the right of one of the claimants to recover depends upon a state of facts which does not affect the other claimant. Krull's right to recover really depends upon whether or not the defendants falsely and fraudulently represented to him that the saloon was different from what it in fact was, and which representation induced him to part with his money. The liability of the defendants to Krull and to the plaintiff does not depend upon the same state of facts. Both causes of action, it is true, are based upon payment of the money by Krull to them; but it would seem to be entirely unjust to the plaintiff to inject into his litigation against the defendants to recover money that they had received, which belonged to him, a dispute between the defendants and Krull as to whether or not the defendants did make false and fraudulent representations to Krull, upon the faith of which he parted with his money. The case of Bank v. Thalheimer, 29 App. Div. 170, 51 N. Y. Supp. 813, does not apply; for there the right of the plaintiff and the other claimants to the money depended, not upon any act of the defendant, but upon the title to the property, the proceeds of which the defendant had in his hands. In that action the defendant claimed no title to the money. He alleged that he was ready and willing to pay over to the sheriff and the execution creditors, who were the other claimants, as soon as it should be determined which of said parties was legally entitled thereto, and asked that he be permitted to pay the same into court, and that the sheriff or said execution and attaching creditors be substituted as parties defendant in the action in place of deponent, or that they be brought in as parties defendant with the deponent. In this case the defendants make no offer to pay any sum of money into court, and admit no liability to any one.

We think the court correctly denied the motion, and the order appealed from should be affirmed, with $10 costs and disbursements. All concur.