diligently, through her counsel, to collect the money to which she is justly entitled. Through the misconduct of the sheriff's office, she is deprived of one of her remedies. Under the circumstances I think a fine of $250 should be imposed upon the sheriff, and I so direct. The sheriff, however, in case that he is not willing to accept the decision of this court, should have a stay to enable him to review the order to be entered herein.

Decreed accordingly.

ROMANOSKI v. UNION RY. CO.

(City Court of New York, General Term. January 4, 1900.)

1. TORTS—NEGLIGENCE—NEW PARTIES.
    Where plaintiff was justified in believing that only defendant wronged and injured her, the discovery upon the trial that another party and defendant were interested in the subject-matter which caused plaintiff's injury, which interests were so interwoven as to become apparently identical, and probably inseparable, so far as they concerned plaintiff's rights, entitles plaintiff to bring such party in as defendant.

2. SAME—SERVICE OF AMENDED COMPLAINT.
    To make a joint wrongdoer a party defendant to a pending action, it is necessary to serve on both the existing defendant and such joint wrongdoer a copy of the summons and complaint so amended as to contain the proper and necessary allegations charging both with the commission of the tort in question, with leave to them to answer or demur.

3. SAME—NOTICE OF TRIAL.
    When the trial of a case has been entered into, and is discontinued to permit the bringing in of another party as a defendant, it is necessary to serve new notice of trial.

Appeal from special term.

Action by Maggie Romanoski, as infant, etc., against the Union Railway Company. Defendant appeals from an order making the Westchester Railroad Company a co-defendant. Modified and affirmed.

Argued before FITZSIMONS, C. J., and McCARTHY, J.

Hoadly, Lauterbach & Johnson, for appellant.
Willoughby B. Dobbs, for respondent.

PER CURIAM. We think that the order appealed from was a proper one, and should be affirmed, with the modification hereafter mentioned. Until the trial of this action, plaintiff was justified in believing that only the defendant wronged and injured her. Then for the first time it appeared that defendant and the Westchester Railroad were interested in the operation of the railroad upon which plaintiff was injured; that the interests of the defendant and the Westchester Company were so interwoven as to become apparently identical, and probably inseparable, at least so far as the rights of the plaintiff are concerned in this action. It was, therefore, right and proper to bring in and cause these apparently joint wrongdoers to bear the burden of their wrongdoing, if any, against plaintiff. But the summons and complaint should be amended so as to contain the proper and necessary allegations,

charging them with the commission of the tort in question, and, as so amended, served on both defendants, with leave to them to answer or demur; and a new notice of trial should also be served. We can see no harm, however, in leaving the action on the calendar, and keeping its present place. In doing this we are simply following the spirit of Code of Procedure, which allows preference in like actions.

The order appealed from is affirmed as modified herein, without costs or disbursements to either party.