SCHUN v. BROOKLYN HEIGHTS R. CO. et al.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. ACTIONS—NEGLIGENCE—AMENDMENT—ADDING PARTY DEFENDANT.
    Under Code Civ. Proc. § 723, providing that the court may at any stage of an action amend a pleading or proceeding by adding the name of a person as a party, etc., where an action was brought against a city and one railroad company for injury resulting from a defect in a street

at the crossing of two railroads, the defect being claimed to be owing to
the negligence of the city and of both railroad companies, the court, on
petition of the plaintiff, may order that the other company be made a
defendant.

Appeal from Special Term, Kings County.

Action by George J. Schun against the Brooklyn Heights Railroad
Company and others. From an order denying a motion to vacate
an order making the Long Island Railroad Company a party defend-
ant, the latter company appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-
WARD, HIRSCHBERG, and HOOKER, JJ.

Louis John Caruthers, for appellant.
Albert A. Wray, for respondents.

HOOKER, J. This action was originally brought against the
Brooklyn Heights Railroad Company and the city of New York.
In his amended complaint the plaintiff alleges that on the day he
received his injuries the Brooklyn Heights Railroad Company was
operating a surface street car line on Flushing avenue, in the borough
of Brooklyn, and that this line intersected the railroad tracks of the
Long Island Railroad Company, the appellant here, as the latter
crossed the avenue in question. It is claimed by the plaintiff that while
he was traveling along the car tracks of the Brooklyn Heights Rail-
road Company one of its cars approached him from behind, and in the
effort to leave its tracks at their intersection with the tracks of the
appellant the wheel of his vehicle became caught in a hole in the pave-
ment of the street between the rails of the track owned and oper-
ated by the Brooklyn Heights Railroad Company, and also between
the rails of the appellant, whereby he was seriously injured. The
plaintiff claims that the depression of the pavement which caught the
wheel of the vehicle was within the area which is required by the
railroad law to be kept in repair by the corporation owning and
operating the tracks, and that, consequently, as the hole was in the
center of the intersection of the two lines of railroad, the two com-
panies are jointly and severally liable, and that, inasmuch as the fault
was upon the public highway of the borough of Brooklyn, the city
was jointly and severally liable with the railroad companies. After
this action had proceeded to issue, and had been placed upon the
calendar against the Brooklyn Heights Railroad Company and the
city, an application was made ex parte by plaintiff for leave to bring
in the Long Island Railroad Company as a party defendant. This
motion was granted, and a supplemental summons and amended com-
plaint was served upon the several parties defendant. Subsequently
the appellant moved to vacate the order granting leave to the plain-
tiff to bring it in as a defendant in the action. The motion was de-
nied, except that portion thereof which affected the status of the
case on the calendar, and from the order denying the motion to
vacate this appeal is taken.

The plaintiff relies upon the authority of section 723 of the Code
of Civil Procedure, the material sentences in which are as follows:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems just, amend any process, pleading or other proceeding, by adding or striking out the name of a person as a party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting an allegation material to the case."

This language is broad, and quite sufficient to cover this case, and to warrant the plaintiff's practice. He is met, however, by the case of Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914, which holds that section 723 of the Code of Civil Procedure applies to cases in which the party sought to be brought in is a necessary party, or interested in the event of the action, in connection with the original parties thereto, and cannot be invoked by the plaintiff in relation to two or more joint tort feasors. This case was decided in the Fourth Department, Mr. Justice Ward writing an opinion which did not receive the concurrence of the whole court. The decision in relation to the proper application of section 723 seems to have been overshadowed by the construction there said to have been given by the courts to section 452 of the Code. The opinion cited a number of cases to the effect that section 452 of the Code of Civil Procedure and the corresponding section of the former Code were applicable only to equitable actions, and held that, inasmuch as section 723 was to much the same effect, it should be construed in connection with the other section. If the interpretation of Heffern v. Hunt is to obtain, the section must be deprived of much of its force. We think that Mr. Justice Follett, in his dissenting opinion, has stated the law as it should prevail under this section. It is quite broad enough to cover the relief asked for by the plaintiff, and it is doubtless in furtherance of justice that the claims against all the defendants should be tried out in the same action, especially where the plaintiff's evidence in relation to his injuries and the question of his contributory negligence must be the same as against all the defendants. The policy of the law is against a multiplicity of suits. Since the decision in Heffern v. Hunt, the same question seems to have been raised in the Appellate Term, and that case was not followed. Romanoski v. Union Railroad Co., 30 Misc. Rep. 830, 61 N. Y. Supp. 1097. The rule laid down by the Appellate Term is the one which should be held applicable, in this department, to the provisions of that portion of section 723 of the Code which we have quoted. The order appealed from should be affirmed, with costs.

Order, so far as appealed from, affirmed, with $10 costs and disbursements. All concur; BARTLETT, J., in result.