(52 Misc. Rep. 461)

HINDS, NOBLE & ELDREDGE v. BONNER et al.

(Supreme Court, Appellate Term. February 4, 1907.)

PARTIES—JOINING NEW DEFENDANTS—ACTION IN TORT.

Where a copartnership refused to redeliver goods to plaintiff, the co-partners being severally liable in tort, and plaintiff sued one, the others being unknown to him, he could not afterwards join them as codefendants, since Code Civ. Proc. § 723, authorizing the court in certain cases to add the name of a person as a party or to correct a mistake in the name of a party applies only to cases where such party is necessary or interested in the event of the action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Parties, §§ 76–82.]

Appeal from City Court of New York, Special Term.

Action by Hinds, Noble & Eldredge against R. E. Bonner and another. Defendants appeal from an order of the City Court of New York. Reversed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Underwood, Van Vorst & Hoyt (Ralph S. Miller, of counsel), for appellant.

Frank C. Mebane, for respondent.

BLANCHARD, J.  This is an appeal from an order directing the defendant Bonner to appear and be examined before trial, and to produce for the inspection of the plaintiff all writings referring to the relationship existing between the defendant Bonner and other persons with whom he is engaged in business under the firm name of "Robert Bonner's Sons."  The complaint alleged that the defendant Bonner was a copartner with persons unknown to the plaintiff under the firm name of "Robert E. Bonner's Sons," and that the plaintiff delivered to the copartnership certain goods, and that the copartnership, although requested, has refused to redeliver these goods.  The plaintiff obtained the order appealed from for the purpose of determining what person or persons should be joined with Bonner as codefendants in the action.

The complaint states a cause of action sounding in tort.  Section 723 of the Code of Civil Procedure, which authorizes the court, in certain circumstances, to add the name of a party or to correct a mistake in such name, applies only .to cases where such ·party is necessary or interested in the event of the action, which is not the case where two or more joint tort-feasors are severally liable.  Heffern v. Hunt, 8 App. Div. 585, 40 N. Y. Supp. 914; Ten Eyck v. Keller, 99 App. Div. 106, 91 N. Y. Supp. 169.  Since the information sought by the order appealed from would be unavailing to the plaintiff, it follows that the order should be reversed, with $10 costs and·disbursements.

Order reversed, with $10 costs and disbursements.  All concur.