ALBINA ROST, as Administratrix of the Estate of ERNEST F. Rost, Plaintiff, *v.* GEORGE A. KESSLER, Defendant.

Supreme Court, Monroe County, February 27, 1943.

*John J. McInerney* for plaintiff.

*Winchell, Macken & Goldwater* for defendant.

CRIBB, J. This is a motion brought on by the plaintiff to examine the defendant before trial upon certain items separately numbered and stated in plaintiff's supporting affidavit. Plaintiff, as administratrix, brings the action in negligence to recover damages for the death of her decedent caused by injuries received by him when a passenger in defendant's car. It appears from the moving affidavit of the plaintiff that she has found no witnesses who can testify as to facts and circumstances surrounding the accident in which decedent received the injuries resulting in his death, as he and the defendant were the only persons involved in or who witnessed the accident, and that the answer interposed sets up a general denial of all the material allegations of the complaint. The court has not been furnished copies of the pleadings and defendant has submitted no answering affidavit, but relies upon the oral argument made upon the hearing of the motion.

Among the numbered items upon which the examination is sought, the defendant particularly objects to numbers 4 and

11, which read as follows: " 4. Were you employed on April 22nd, 1942, and by whom? " " 11. What was the nature of your business in the County of Ontario on said date? " Counsel for defendant, upon the argument, contended that the information sought by items numbered 4 and 11 is not material or necessary to the plaintiff in the trial of the issues raised by the present pleadings, but is, rather, a fishing excursion to find out whether plaintiff had an employer, the nature of the employment, and whether the defendant Kessler was acting, at the time of the accident, within the scope of such employment so as to render the employer liable in negligence as a joint tort-feasor. It was intimated that the defendant was rendering services in some capacity to an insurance company.

Granting that there may be one or more persons or companies who might be held liable with the defendant Kessler for negligence, it still remains true that the plaintiff is under no duty to name them as defendants. An aggrieved party under such circumstances may bring an action against one, all, or any number of joint tort-feasors. In this case plaintiff brought the action against Kessler alone. It seems obvious that the information relative to the name of this defendant's employer, if he had one, and the nature of his business in Ontario County at the time of the accident is not material and necessary in the prosecution of plaintiff's action against such defendant alone. In *Hinds, Noble & Eldredge* v. *Bonner* (52 Misc. 461), which case cites *Heffern* v. *Hunt* (8 App. Div. 585), it was held that an order should not be granted to examine a defendant for the purpose of ascertaining the names of other joint tort-feasors. It therefore follows that plaintiff must be denied the right to examine the defendant upon the subjects set forth in items numbered 4 and 11 of plaintiff's moving affidavit.

It would seem that the plaintiff, under the facts and circumstances attending the accident which is the subject of this litigation, should be permitted a general examination of the defendant, and plaintiff's motion is granted for an examination as set forth in plaintiff's moving affidavit by items numbered 1 to 27, both inclusive, excepting items numbered 4 and 11 hereinbefore discussed, and further excepting items numbered 10, 16, 20, and 22 which were disallowed by the court upon the hearing of the motion.

No costs.

Let an order enter accordingly.